

Patrick S. Brathwaite

Akerman LLP
401 E. Jackson Street
Suite 1700
Tampa, FL 33602-5250

patrick.brathwaite@akerman.com

August 26, 2022

**Via E-Mail: blake@null3d.com**
Blake Warner
502 S. Fremont Ave. 1322
Tampa, Florida 33606

RE: *Fla. Stat. 772.11 DEMAND LETTER dated July 29, 2022*

Dear Mr. Warner:

As you know, we represent the Hillsborough County Clerk of Courts (the "Clerk") with respect to your July 29, 2022 correspondence entitled Fla. Stat. 772.11 DEMAND (the "Demand").

We understand you have demanded $10,800 (triple $3,600) pursuant to Fla. Stat. § 772.11, alleging the embezzlement of "$3,600.00 from Mr. Warner's escrow account held for case number 2018-cc-22377." We also recognize that in your Demand you have threatened to file a lawsuit against the Clerk for "theft and breach of fiduciary duty, among other possible causes of action."

First, as detailed below, your threatened legal action is without merit.

Second, threatening to accuse another of any crime or offense, including theft, with the intent to obtain money may constitute the crime of extortion. *See* Fla. Stat. § 836.05:

> **836.05   Threats; extortion.**—Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

August 26, 2022
Page 2

_____

We trust it was not your intent to commit extortion. And we write to explain why your proposed lawsuit would be frivolous and serve no purpose, other than to subject you to potential liabilities.

<u>The $3,600.00 Forfeiture Was Proper and the Clerk is Immune from Liability</u>

Fla. Stat. § 116.21 governs the forfeiture of funds and provides any "unclaimed court-related funds collected or deposited by the clerk which remain unclaimed **must** be deposited in to the fine and forfeiture fund …" *See* Fla. Stat. § 116.21(1) (emphasis added). The statute provides that the clerk may compile a list of the unclaimed monies, naming the defendant and amounts of unclaimed monies, and publish same one time during the month of July in a newspaper of general circulation in the county and specify that the funds shall be forfeited unless claimed on or before September 1. *See* Fla. Stat. § 116.21(2). The publication shall be made by the publisher of such newspaper and filed and recorded in the minutes of the county commissioners of such county. The statute further provides:

> Persons having or claiming any interest in such funds or any portion of them shall file their written claims with the sheriff or clerk of the court of the county having custody of such funds within the time specified by the notice and shall make sufficient proof to the sheriff or clerk of their ownership and upon so doing shall be entitled to receive any part of the moneys so claimed.
> …
> **Unless claim is filed within such time as aforesaid, all claims in reference thereto are <u>forever barred</u>**.

Fla. Stat. § 116.21(3) (emphasis added).

Lastly, the statute provides:

> Upon such payment to the fine and forfeiture fund, the sheriff or clerk **shall be released and discharged from any and all further responsibility or liability** in connection therewith.

Fla. Stat. § 116.21(4) (emphasis added).

On February 16, 2021, the 13th Judicial Circuit Deputy Clerk sent you correspondence (the "Initial Notice") stating that the remaining $3,600.00 funds (the "Unclaimed Funds") deposited into the Court Registry had not been paid. A copy of the Initial Notice is attached hereto as **Exhibit A**. The Initial Notice stated the funds would be reported and remitted to the State's Unclaimed Property Division if not paid within a certain time period. The Initial Notice asked for a response by April 19, 2021, apprising you to file with the court to claim the funds in the Court Registry before the deadline.