# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

Hillsborough County
Clerk of Courts

Case Number 8:22-CV-1977

## Motion to Strike

*Plaintiff* Blake Warner, *pro se*, respectfully requests that this court enter an order striking striking all of *Defendant*'s affirmative defenses from their *Answer* D.E. 11 because they either:

1. do not provide fair notice of the grounds upon which the defense rests;

2. are impermissible shotgun affirmative defenses;

3. are merely general defenses;

4. are preempted by federal law;

5. or fail to state a legally cognizable defense.

, strike their request to dismiss the complaint, strike their request for attorney fees, and a partial strike of a seemingly erroneous denial in *Answer* ¶ 9.

1

This Motion is made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that each purported affirmative defense is insufficient as a matter of law and/or redundant.

## ARGUMENT

Defendant asserts a variety of affirmative defenses, each of these purported defenses is, however, legally deficient and/or redundant and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Otherwise, Defendant may use them to expand unnecessarily the scope of discovery and to shift improperly the focus of the case away from its central issues and frustrate the efficient administration of justice.

Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.O. Fla, 1976); FDIC v. Eckert Seamans Cherin & Mellet, 754 F. Supp. 22, 23 (E.D.N.Y. 1990). Where a motion to strike has the "effect of making trial of the action less complicated, or has the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." California ex rel. State Lands Comm. v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981); accord, S.E.C. v. Gulf & Western Indus., Inc., 502 F. Supp.343, 345 (motion should be granted "where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense").

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but

avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting Fla. East Coast Railway Co. v. Peters, 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. See Home Management Solutions, Inc. v. Prescient, Inc., 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. See id.

A "defendant must allege some additional facts supporting the affirmative defense." Cano v. South Florida Donuts, Inc., 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys., 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing Microsoft Corp. v. Jesse=s Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" Katz, 2013 WL 2147156, at *1 (citing Blount v. Blue Cross and Blue Shield of Fla., Inc., 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

## Heightened Pleading Requirement

Under the general pleading requirements of Rule 8(a) and the heightened pleading requirements set forth in Twombly and Iqbal, the challenged affirmative defenses are insufficiently pled and should be stricken as a matter of law.

## Shotgun Pleading

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982) (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. Microsoft Corp., 211 F.R.D. at 684.

The Eleventh Circuit has routinely criticized shotgun pleading of affirmative defenses, that is, "affirmative defenses address[ing] the complaint as a whole, as if each count was like every other count," instead of each defense being directed at specific counts in the complaint. Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001); see also Ledford v. Peeples, 657 F.3d 1222, 1242 n.63 (11th Cir. 2011).

As set forth herein, *Defendant*'s affirmative defenses are shotgun pleadings.

## Failure to Identify Specific Claim

The first, second, third, seventh, eighth, ninth, tenth, twelfth, thirteenth, and fourteenth affirmative defenses fail to identify which specific claim asserted by plaintiff they are referencing.

## Failure to Plead Specific Facts

The second, third, seventh, eighth, ninth, tenth, and twelfth affirmative defenses fail to plead enough specific facts in support of the affirmative defenses raised.

## Preemption

The first, third, and thirteenth affirmative defenses are preempted by the United States Constitution under which the *Defendant* is sued. Specifically, *Defendant* is sued for not providing *minimum* due process or just compensation when taking property from *Plaintiff*, and state law cannot abrogate their liability under federal law.

## Partial Strike Answer Denying Payment

*Defendant* answered "Without knowledge, therefore denied." to ¶ 9[1]

On its face, this is a denial that *Plaintiff* paid $3,600 into the court registry, however after conferring with opposing counsel, they indicated that they do not dispute that *Plaintiff* paid $3,600 into the court registry. Therefore I request that that part of the denial be stricken, to facilitate the efficient administration of justice through a 12(c) or 56(a) motion.

---

[1] "9. Plaintiff paid a total of $3,600 into the court registry while the case was pending, until June 2018 when he surrendered the residential property in dispute at the end of his lease, mooting the case."

## STRIKE ATTORNEY FEES REQUEST

On page 13 of the *Answer*, *Defendant* requests "attorney's fees and costs pursuant to Florida Statute § 772.11, or as otherwise permitted under the law, and for such other relief as the Court deems just and proper.".

This is improper, because *Defendant*'s were not sued under Fla. Stat. § 772.11, therefore they can not claim attorney fees under that statute. The only state law claim is a tort for breach of fiduciary duty which has no fee shifting provision.

## STRIKE REQUEST FOR DISMISSAL

On page 13 of the *Answer*, *Defendant* requests "that Plaintiff's Complaint be dismissed for the failure to state a claim". You cannot ask for this relief in an *Answer*, that relief should have been raised in a 12(b) motion.

## FIRST AFFIRMATIVE DEFENSE - 116.21(4)

Defendant's assertion that Fla. Stat. 116.21(4)[2] precludes Plaintiff's claims is unfounded because 116.21(4) is preempted by federal law.

Specifically Defendant is sued for violating the Takings Clause and the Due Process clause of the United States. Whether they complied with state law is wholly irrelevant, and would not negate their liability under federal law. And they failed to aver any allegations that could negate their liability under federal law.

Similarly, the breach of fiduciary duty claims have nothing to do with the escheatment law, and those duties are wholly distinct, and in addition to their requirements under 116.21.

---

[2] Upon such payment to the fine and forfeiture fund, the sheriff or clerk shall be released and discharged from any and all further responsibility or liability in connection therewith.

Finally, they failed to allege that it was Plaintiff's money that was paid to the fine and forfeiture fund.

Thus, this affirmative defense should be stricken for failure to state a legally cognizable defense because even if all of their alleged facts are true, it would not negate their liability.

## Second Affirmative Defense - Latches

Defendant asserts that the Plaintiff's claims are barred by the doctrine of latches, yet Defendant failed to plead any facts–including specific dates and events–to support that position. Defendant's generally aver that "Plaintiff unreasonably delayed", but does not even plead how long he waited.

Additionally, no amount of time exists that would constitute a waiver of Plaintiff's constitutional right to a) notice and b) opportunity to be heard.

Thus, this affirmative defense should be stricken for failure to state a legally cognizable defense because even if all of their alleged facts are true, it would not negate their liability.

## Third Affirmative Defense - 116.21(4) and unspecified laws

Defendant's assertion that Fla. Stat. 116.21(4)[3] precludes Plaintiff's claims is unfounded because 116.21(4) is preempted by federal law.

Specifically Defendant is sued for violating the Takings Clause and the Due Process clause of the United States. Whether they complied with state law is wholly irrelevant,

---

[3] Upon such payment to the fine and forfeiture fund, the sheriff or clerk shall be released and discharged from any and all further responsibility or liability in connection therewith.

7

and would not negate their liability under federal law. And they failed to aver any allegations that could negate their liability under federal law.

Similarly, the breach of fiduciary duty claims have nothing to do with the escheatment law, and those duties are wholly distinct, and in addition to their requirements under 116.21.

Thus, this affirmative defense should be stricken for failure to state a legally cognizable defense because even if all of their alleged facts are true, it would not negate their liability.

## Fourth Affirmative Defenses - Defamation - Failure to State a Claim

This is a "general" defense properly raised in a Rule 12(b) motion, not an "affirmative" defense to be asserted in a responsive pleading. See Roth v. Nationstar Mortg., LLC, No. 2:15-cv-783-FtM-29MRM, 2016 U.S. Dist. LEXIS 168025, at *4 (M.D. Fla. Dec. 6, 2016) (citing In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 & n.9 (11th Cir. 1988)).

Furthermore, this "defense" is merely a denial of an element that *Plaintiff* must prove.

## Fifth Affirmative Defense - Defamation - Litigation Privilege

"Some Florida cases examine whether alleged defamation which occurs before institution of judicial proceedings falls under the above-mentioned privilege. In Ange v.

State, 98 Fla. 538, 123 So. 916 (1929), the Florida Supreme Court held that

> "[t]his rule of privilege ... includes proceedings before a competent court or magistrate in the due course of law or the administration of justice which is to result in any determination or action by such court or officer. This privilege extends to the protection of the judge, parties, counsel, and witnesses, and arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings or as necessarily preliminary thereto."

". *see* LanChile Airlines v. Connecticut General Life Ins., 731 F. Supp. 477 (S.D. Fla. 1990).

Here, *Plaintiff* sent a statutorily authorized presuit notice to *Defendent* which is covered under the litigation privilege as it is a condition precedent to bringing a suit, however *Defendent*'s reply was not authorized by statute and was wholly unnecessary. *Defendent*'s statements were not necessarily preliminary thereto any litigation.

> "[T]he courts of Florida encourage pre-litigation settlement negotiations. It is in the interest of society to reach equitable and mutually satisfactory resolution of disputes without the necessity of suit….We hold that this policy reason is sufficiently enhanced, and the parties sufficiently protected, by the qualified privilege."

Pledger v. Burnup & Sims, Inc., 432 So. 2d 1323 (Fla. Dist. Ct. App. 1983).

Thus at *best* their statements *might* be covered by qualified privilege, but not absolute litigation privilege.

And finally, neither the litigation privilege nor qualified privilege apply to extortion/blackmail/18 U.S. Code § 242 "deprivation of civil rights under color of law" or other criminal conduct. Such criminal acts bear no relation to the underlying civil

9

litigation, and are therefore not privileged. The statements at issue constitute extortion/blackmail/18 U.S. Code § 242 "deprivation of civil rights under color of law" and are thus not privileged.

## Sixth Affirmative Defense - Defamation - Contradicts

This defense suffers from the same infirmity as the fourth affirmative defense, and is a "general" defense properly raised in a Rule 12(b) motion, not an "affirmative" defense to be asserted in a responsive pleading. See Roth v. Nationstar Mortg., LLC, No. 2:15-cv-783-FtM-29MRM, 2016 U.S. Dist. LEXIS 168025, at *4 (M.D. Fla. Dec. 6, 2016) (citing In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 & n.9 (11th Cir. 1988)).

Furthermore, this "defense" is merely a denial of an element that *Plaintiff* must prove.

## Seventh Affirmative Defense - Negligence

Negligence is not a cognizable affirmative defense. Assuming this is a comparative negligence affirmative defense, that defense is not applicable to any of the claims raised in the complaint.

## Eighth Affirmative Defense - Assumption of Risk

Assumption of Risk is not a cognizable affirmative defense for any of the claims raised in the complaint.

## Ninth Affirmative Defense - Waiver

This is not a cognizable affirmative defense and is just a re-articulation of the previously raised affirmative defense of latches.

## Tenth Affirmative Defense - Speculation

Defendant's proposed affirmative defense assert that Plaintiff's damages are speculative, uncertain, impossible to ascertain, unrecoverable, or not cognizable. But asserting that a plaintiff's claimed damages are speculative, vague, or even non-existent does not constitute an affirmative defense. Manley v. Boat/U.S. Inc., No. 13-5551, 2016 U.S. Dist. LEXIS 41036, *14 (N.D. Ill. Mar. 29, 2016) ("simply accusing [a plaintiff] of pleading vague and speculative damages does not state an affirmative defense"); Varrasso v. Barksdale, No. 13-1982, 2016 U.S. Dist. LEXIS 46686, *7-8 (S.D. Cal. Apr. 5, 2016) (affirmative defense that plaintiffs' damages are "speculative or nonexistent . . . are simply allegations that Plaintiffs did not meet their burden of proof . . . [so] they are not affirmative defenses"); Joe Hand Promotions, Inc. v. Kurti, No. 14-1277, 2015 U.S. Dist. LEXIS 120170, *2 (C.D. Cal. Sept. 8, 2015) ("speculative damages[] is a defense to damages, not an affirmative defense")

## Eleventh Affirmative Defense - Not Publication

This is not an affirmative defense because it is simply a denial of an element Plaintiff must prove.

Publication is not an element of a first amendment retaliation claim.

## Twelfth Affirmative Defense - Good Faith

Good faith is not a cognizable affirmative defense for takings clause, due process clause, or first amendment retaliation claims.

Nor is it a valid affirmative defense for Breach of Fiduciary Duty as not acting in good faith is a necessary element of the claim, and this "affirmative defense" is merely a denial of that element.

## Thirteenth Affirmative Defense - 116.21 Conditions Precedent

This is just immunity recast as a conditions precedent defense, as the law they cite purportedly grants Defendant complete immunity once they seize the funds at issue, therefore it is impossible to comply with those conditions once they take the funds. In any event, the law does not apply at all because it is preempted by the First, Fifth, and Fourteenth amendments.

## Fourteenth Affirmative Defense - Failure to Update Address

This "affirmative defense" is not legally cognizable. While it is undisputed that *Plaintiff* did not update his address, he alleged that *Defendant*'s had other ways to contact him, such as the efile account/eservice associated with the case in question (and that *Defendant* explicitly did not serve him with court documents via efile dispite he fact that he elected to participate in e-service), his email address, and his phone number. *Defendant* also had access to *Plaintiff*'s drivers license record which at all times had

an address that he could be contacted at.

## Conclusion

Wherefore, *Plaintiff* respectfully requests that this court enter an order striking striking all of *Defendant*'s affirmative defenses, request to dismiss the complaint, strike their request for attorney fees, and a partial strike of a seemingly erroneous denial in *Answer* ¶ 9.

## Local Rule 3.01(g) Certification

I certify that I have conferred with the opposing party via telephone on October 4, 2022.

*Defendant* opposes all relief sought, with the possible exception of the partial strike of answer ¶ 9 denying the payment of $3,600. Opposing party indicated that they did not dispute that Mr. Warner paid the $3,600, but it is unclear if they oppose a partial strike of that answer.

## Certificate of Service

I certify that a copy hereof has been furnished to all counsel's of record via CM/ECF system.

10-15-2022

Date

[signature]

Signature

Blake Warner, *pro-se*

3002 W Cleveland Street, #C8

Tampa, FL 33609

E-Service: BLAKE@NULL3D.COM