UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

     Plaintiff,

V.

                             Case No.: 8:22-CV-1977

HILLSBOROUGH COUNTY
CLERK OF COURTS,

     Defendant,

_____/

## DEFENDANT'S RESPONSE TO MOTION TO STRIKE

Defendant, HILLSBOROUGH COUNTY CLERK OF COURTS ("Clerk"),
responds to the Plaintiff, BLAKE WARNER's ("Plaintiff") Motion to Strike (the
"Motion") dated October 15, 2022 (Doc. 14), and states:

### INTRODUCTION

This Court should deny Plaintiff's Motion because the Clerk's affirmative
defenses are proper, sufficiently stated, and clearly target Plaintiff's various
claims. Plaintiff's Motion fails to meet the high standard for a motion to strike.

This case arises out of Plaintiff's failure to claim funds in the Clerk's
registry in a state court case. The Clerk legally disposed of those funds
pursuant to Florida Statutes § 116.21 "Unclaimed moneys; limitation."
Plaintiff then threatened a lawsuit, and subsequently filed this action.

66963969;8

The Clerk responded by answering the complaint and pleading affirmative defenses. The Clerk's defenses explain the legal and factual basis as to why Plaintiff's claims fail. In response, Plaintiff unnecessarily increases the costs of this litigation by seeking to strike everything.

The Court should deny Plaintiff's Motion as follows.

<u>ARGUMENT</u>

## I.    Standard for Motion to Strike.

"A motion to strike is a drastic remedy and is disfavored by the courts. Therefore, a motion to strike should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Jack's Magic Products, Inc. v. Star Brands Ltd.*, No. 8:22-CV-848-WFJ-SPF, 2022 WL 4110287, at *2 (M.D. Fla. Sept. 8, 2022) (denying motion to strike).

Here, Plaintiff's Motion seeks to strike every single affirmative defense and the prayer for relief. Plaintiff's Motion is without legal merit.

## II.    The Clerk's affirmative defenses are properly pled.

An affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partially, by new allegations of excuse, justification or other negating matters." *Shawn Lazier v. Sculley's Mgmt. LLC,* No. 8:14-cv-2773, 2014 WL 6674627 at *1, (M.D. Fla. Nov. 24, 2014). Rule 8(c) includes a list of affirmative defenses, such as contributory negligence, waiver, and laches. *Id.*

Here, Plaintiff challenges the Clerk's disposal of unclaimed funds. *See* (Doc. 1) (the "Complaint"), ¶ 13 (alleging Clerk noted disposal under Fla. Stat. § 116.21 on the state court docket on Sept. 1, 2021). Accordingly, the Clerk asserted several affirmative defenses, including contributory negligence, waiver, and laches, and incorporating the Clerk's compliance with the requirements of Section 116.21, which directly overcome Plaintiff's claims. The Answer provides "fair notice of the grounds upon which the defense rests" and directly cites applicable statutory language, the actions taken on behalf of the Clerk, the inactions taken on behalf of Plaintiff (such as waiting and ignoring the Clerk's correspondences), and where applicable, the language in the correspondence to which each defense refers. *See Gonzalez v. Midland Credit Mgmt., Inc.,* No. 6:13-CV-1576-ORL-37, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013) *(*finding affirmative defenses sufficient if they "provide Plaintiff with fair notice of what affirmative defenses Defendant intends to raise[.]"). The Clerk has provided Plaintiff fair notice of the Clerk's affirmative defenses.

## III. The Clerk's affirmative defenses are not "impermissible shotgun affirmative defenses."

The Clerk's affirmative defenses are <u>not</u> akin to shotgun pleadings. *See Magluta v.* Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (identifying shotgun pleading where "[e]ach count incorporates by reference the allegations made in a section entitled 'General Factual Allegations'—which comprise[d] 146

numbered paragraphs—*while also incorporating the allegations of any count or counts that precede[d] it*.") (emphasis added).

The Clerk's affirmative defenses are distinct and delineated. It is obvious to which claim each defense relates. *See Christopher J. Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1123 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another to, to give the [other party] adequate notice of the claims against them and the grounds upon which each claim rests."). The Clerk's affirmative defenses are "informative enough to permit a court to readily determine if they state a claim upon which relief can be granted." *See id.* at 1326. Thus, Plaintiff's Motion should be rejected.

## IV.   Plaintiff's assertions of failure to identify which specific count the defense refers or lacks specific facts are meritless.

Plaintiff's asserts several defenses "fail to identify which specific claim asserted by plaintiff they are referencing" or "plead specific facts in support." *See* Motion, p.5. Plaintiff should not be confused.

Plaintiff pleads two sets of claims. Counts I, II, and III are predicated on the same set of factual allegations regarding abandoned funds. (Complaint, Counts I, II, and III, each incorporating by reference "¶ 6-42"). Count V, styled First Amendment Retaliation: Extortion, incorporates Count IV, styled Defamation Per Se: Extortion. (*Id.*, Counts IV and V). Thus, the Clerk's

affirmative defenses can clearly be distinguished between Plaintiff's two groups of claims.

For example, the Clerk asserts laches because Plaintiff took too long to claim his abandoned funds, which is clearly related to Plaintiff claiming the abandoned funds. Similarly, the Clerk's defenses relating to "First Amendment retaliation" or extortion clearly cite to these claims in their text.

Each defense states what it applies to, the factual predicate for the defense, and can clearly be understood in light of the two sets of claims in Plaintiff's Complaint. Thus, Plaintiff's Motion should be denied.

## V.     Alleged preemption is insufficient to strike defenses.

Without supporting legal authority, Plaintiff asserts several affirmative defenses are preempted by the United States Constitution's Taking's Clause and Due Process clause. *See* Motion, pp. 5-7, 12. Plaintiff's arguments – at best – are arguments on the merits as to Plaintiff's claim that Florida Statute § 116.21 is unconstitutional. As such, these arguments should be addressed on the merits and not through a motion to strike.

## VI.    The Clerk's answer to paragraph 9 of Plaintiff's Complaint should not be stricken.

Plaintiff asserts "part of the denial" in paragraph 9 of the Clerk's Answer should be stricken because the parties telephonically conferred and agreed that

66963969;8

the Clerk admits the Plaintiff deposited funds into the registry. *See* Motion,

p.5. Plaintiff's Complaint at paragraph 9 states:

> **Plaintiff paid a total of $3,600 into the court registry while the case was pending, until June 2018 when he surrendered the residential property in dispute at the end of his lease, mooting the case.**

*See* Complaint, ¶ 9.

During the parties' conferral, counsel for the Clerk confirmed the Clerk does not dispute Plaintiff paid a total of $3,600 into the court registry. However, Plaintiff also alleges surrendering the property in June 2018, that surrendering the subject property was at the end of his lease, and that his actions mooted his case. The Clerk is without knowledge as to these allegations and responded accordingly. Thus, the Clerk's answer to paragraph 9 is proper and the Motion should be denied.

## VII.   Plaintiff's requests to strike the Clerk's requests for attorney's fees and for dismissal are meritless.

The Clerk's concluding prayer for dismissal of the Complaint and request for attorneys' fees, within its Answer, should not be stricken. Plaintiff admits demanding fees under § 772.11 and claims he is allegedly entitled to "prospective" damages under *§ 772.11*. *See* Complaint, pp. 9-10. Because Section 772.11 provides for attorney's fees, the Clerk is entitled to it to the extent Plaintiff asserts damages under that statute. *See also Mullis v. Universal Select, Inc.* No. 97-1220-CIV-J-21A, 1997 WL 827408, at *2 (M.D.

Fla. Dec. 15, 1997) (denying motion to strike defendant's request for attorneys' fees and prayer for dismissal in answer and recognizing requesting dismissal in an answer is "characteristic of most answers to complaints filed in federal court, and is even envisioned by the rules.") (internal citation omitted).

## VIII.  Plaintiff's Specific Arguments Fail

### a. First Affirmative Defense

The Clerk's First Affirmative Defense states:

**Plaintiff's claims are barred by the express and unequivocal provisions of § 116.21(4), Fla. Stat. (2020), which provide, in pertinent part:**

**"Upon such payment to the fine and forfeiture fund, the sheriff or clerk shall be released and discharged from any and all further responsibility or liability in connection therewith."**

**§ 116.21(4), Fla. Stat. Payment was made to the fine and forfeiture fund, and the Clerk is thereby released and discharged from any and all further responsibility or liability in connection therewith.**

(Doc. 11) (the "Answer"), p.14.

The First Affirmative Defense explains Plaintiff's claims are barred because the Clerk complied with Florida law, specifically Fla. Stat § 116.21(4), which provides the Clerk with a release and discharge of all liability. Without citation to any supporting legal authority, Plaintiff moves to strike arguing: (a) the defense is preempted by the U.S. Constitution; (b) the Clerk's compliance would not negate its liability under federal law; (c) "the fiduciary duty claims have nothing to do with the escheatment law"; (4) the Clerk failed to allege

that it was Plaintiff's money that was paid to the fine and forfeiture fund; and (5) the defense is not legally cognizable. *See* Motion, p.6.

Florida statutes can bar liability and provide a basis for an affirmative defense based on same. *See Fifth Third Bank v. Alaedin & Majdi Invs., Inc.,* 2012 WL 1137104, at *3 (M.D. Fla. Apr. 4, 2012) (denying motion to strike an affirmative defense on a Florida statute barring liability); *Griffin v. Palm Beach Conty.Comm'r* 296 So. 3d 918 (Fla. 4th DCA 2020) (holding affirmative defense barring liability based on Florida Statute must be pled or it is waived). Plaintiff's arguments against this defense should be heard (and rejected) on the merits, as they are legally insufficient to justify striking this defense.

### b. Second Affirmative Defense

The Clerk's Second Affirmative Defense states:

> **The Clerk denies that Plaintiff is entitled to any monetary or equitable relief. Plaintiff's claims are barred by the doctrine of laches because Plaintiff unreasonably delayed in pursuing the funds. Plaintiff ignored the Clerk's notices and correspondences apprising Plaintiff about the deadlines and steps necessary to claim the funds. Plaintiff delayed unreasonably, waiting until the funds were disposed before attempting to collect them.**

Answer, p.14.

Plaintiff moves to strike the Clerk's Second Affirmative Defense, arguing: (a) laches is not a "legally cognizable defense"; (b) "Defendant failed to plead any facts"; and (c) "no amount of time exists that would constitute a waiver of Plaintiff's constitutional right." Motion, p. 7.

66963969;8

Laches is one of the expressly proscribed affirmative defenses by F. R. Civ. P(8)(c). *See also Schmidt v. Wells Fargo Bank, N.A.*, No. 8:20-CV-150-T-33AAS, 2020 WL 1703801, at *2 (M.D. Fla. Apr. 8, 2020) (denying motion to strike laches affirmative defense). The specific dates for the state court case at issue below are a matter of public record and should not reasonably be in dispute. Regardless, the incorporation of those specific dates is not required – and the Clerk has asserted sufficient facts to put Plaintiff on notice as to the affirmative defense. And Plaintiff provides no legal authority to strike the Clerk's Second Affirmative Defense here. Similarly, Plaintiff's assertion that his constitutional rights were violated is merely an assertion, which is not sufficient to strike an affirmative defense.

### c. Third Affirmative Defense

The Clerk's Third Affirmative Defense states:

> **Plaintiff's claims against the Clerk are barred because the Clerk has fully complied with any and all applicable Florida laws regarding unclaimed funds in its registry, including, but not limited to, § 116.21(4), Fla. Stat.**

Answer, p.15.

Plaintiff moves to strike the Third Affirmative Defense, arguing: (a) that § 116.21(4) violates the U.S. Constitution; (b) that the Third Affirmative Defense is not an affirmative defense because it cannot "negate [the Clerk's] liability under federal law"; and (c) that the Third Affirmative Defense is not

"legally incognizable." Motion, pp. 7-8. The clerk's compliance with § 116.21 is an express affirmative defense to Plaintiff's claims that the Clerk did not comply with the statute, because compliance authorizes the submission of unclaimed funds to the Fine and Forfeiture fund. Again, Plaintiff's constitutional arguments are not a basis to strike the affirmative defense.

### d. Fourth Affirmative Defense

The Clerk's Fourth Affirmative Defense states:

> **Plaintiff's claims for defamation, defamation per se, or extortion are barred because Plaintiff has failed to state a cause of action for defamation, defamation per se, or extortion.**

> **The letter Plaintiff attaches contradicts Plaintiff's allegations to the contrary. The exhibit merely states that certain actions "may" constitute extortion. The exhibit does <u>not</u> state that Plaintiff did commit extortion.**

Answer, p.15.

Plaintiff moves to strike the Fourth Affirmative Defense, arguing: (a) the defense is a general defense; and (b) the defense is "merely a denial of an element that *Plaintiff* must prove." Motion, p.8. The Fourth Affirmative Defense expressly cites the letter Plaintiff attached to his Complaint, which merely warned Plaintiff his actions <u>may</u> constitute extortion. The letter, on its face, did <u>not</u> claim Plaintiff <u>had</u> committed extortion. The Fourth Affirmative Defense is a defense that would bar Plaintiff's claims alleging defamation or extortion. Thus, the Motion should be denied.

### e. Fifth Affirmative Defense

The Clerk's Fifth Affirmative Defense states:

> **Plaintiff's claims for defamation, defamation per se, or extortion, whether labeled as "First Amendment retaliation" or in any other fashion, are barred because Plaintiff's allegations are barred by litigation privilege, because the letter was from the Clerk's counsel, to the Plaintiff, as part of pre-litigation correspondences discussing the claims or potential claims and apprising Plaintiff as to why his claims were frivolous.**

> **Moreover, a law firm associate copying a law firm partner or other law firm staff on a letter to a party does not constitute publication outside of the bounds of litigation privilege.**

Answer, p. 15.

Plaintiff moves to strike arguing the Clerk's correspondence responding to his demand: (a) was "not authorized by statute and was wholly unnecessary … [and] were not necessarily preliminary thereto any litigation"; (b) might be "qualified privilege, but not absolute litigation privilege"; and (c) was "extortion/blackmail/18 U.S. Code §242 'deprivation of civil rights under color of law" and thus not constituting litigation privilege. Motion, pp. 8-9.

The litigation privilege is a legally cognizable affirmative defense. "Florida case law currently applies the litigation privilege to bar actions arising from "misconduct [which] constitutes a common-law tort or a statutory violation." *R.H. Ciccone Properties, Inc. v. JP Morgan Chase Bank, N.A.*, 141 So. 3d 590, 591 (Fla. 4th DCA. 2014) (citing *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So. 2d 380, 384 (Fla. 2007)). Plaintiff's

disagreement as to whether litigation privilege applies to the Clerk's correspondence is a merits issue and is not a basis to strike the affirmative defense. The Motion should be denied.

### f. Sixth Affirmative Defense

The Clerk's Sixth Affirmative Defense states:

**Plaintiff's claims for defamation, defamation per se, or extortion, whether labeled as "First Amendment retaliation" or in any other fashion, are barred because Plaintiff's claims are contradicted by the actual language in the same correspondence to which Plaintiff refers. Specifically, the correspondence states:**

> **First, as detailed below, your threatened legal action is without merit.**
>
> **Second, threatening to accuse another of any crime or offense, including theft, with the intent to obtain money may constitute the crime of extortion. *See* Fla. Stat. § 836.05**
>
> **…**
>
> **We trust it was not your intent to commit extortion. And we write to explain why your proposed lawsuit would be frivolous and serve no purpose, other than to subject you to potential liabilities.**

***See* August 26, 2022 Correspondence attached to Plaintiff's Complaint. (emphasis added).**

Answer, p.16.

Plaintiff moves to strike arguing the Sixth Affirmative Defense is: (a) a "general defense"; and (b) "merely a denial". *See* Motion, p.10. Plaintiff's arguments should be rejected for the same reasons the Court should deny the Motion to Strike the Fourth Affirmative Defense. The Clerk cites relevant

12

portions of correspondence, explaining how the language expressly contradicts Plaintiff's claims. This is more than a "merely a denial of an element" Plaintiff must prove, and even if it were, the proper mechanism is to accept it as a denial, not to strike it. *See Mandujano v. Freight Handlers, Inc.*, No. 8:17-CV-479-T-30TBM, 2017 WL 2634967, at *1 (M.D. Fla. June 19, 2017).

### g. Seventh Affirmative Defense

The Clerk's Seventh Affirmative Defense states:

**Plaintiff's claims are barred because Plaintiff was negligent and caused his own alleged damages by abandoning the funds he deposited in the registry. Plaintiff ignored the Clerk's notices and correspondences apprising Plaintiff about the deadlines and steps necessary to claim the funds. Plaintiff delayed unreasonably, waiting until the funds were disposed before attempting to collect them.**

Answer, p.16.

Plaintiff moves to strike the Seventh Affirmative Defense, arguing: (a) negligence is not a cognizable affirmative defense; and (b) "assuming this is a comparative negligence affirmative defense" that the defense is not applicable to any of the claims Plaintiff raised. *See* Motion, p.10. The Clerk asserted contributory negligence as an affirmative defense: it is expressly proscribed as an affirmative defense in Fed. R. Civ. P. 8(c). Plaintiff's arguments to the contrary or attempts to categorize the defense as a defense that is not cognizable is meritless. Again, Plaintiff's Motion should be denied.

### h. Eighth Affirmative Defense

The Clerk's Eighth Affirmative Defense states:

> **Plaintiff's claims are barred because Plaintiff assumed the risk that his funds would be disposed of by the Clerk when Plaintiff abandoned the funds in the Clerk's registry. Plaintiff ignored the Clerk's notices and correspondences apprising Plaintiff about the deadlines and steps necessary to claim the funds, and waited until the funds were thereafter accordingly disposed before attempting to collect them.**

Answer, p.17.

Plaintiff moves to strike the Eighth Affirmative Defense, arguing "assumption of risk is not a cognizable affirmative defense for any of the claims raised in the complaint." Motion, p.10. The Clerk expressly asserted assumption of risk as an affirmative defense: it is expressly proscribed as an affirmative defense in Fed. R. Civ. P. 8(c). This defense is clearly raised in response to the unclaimed funds claims. Again, Plaintiff's Motion should be denied.

### i. Ninth Affirmative Defense

The Clerk's Ninth Affirmative Defense states:

> **Plaintiff's claims are barred because waived the right to claim the funds in the Clerk's registry when Plaintiff abandoned the funds in the Clerk's registry, ignored the Clerk's notices and correspondences apprising Plaintiff about the deadlines and steps necessary to claim the funds, and then waited until the funds were thereafter accordingly disposed before attempting to collect them.**

Answer, p.17.

Plaintiff moves to strike the Ninth Affirmative Defense, arguing the Ninth Affirmative Defense "is not a cognizable affirmative defense and is just a re-articulation of the previously raised affirmative defense of latches [sic]." Motion, p.11. The Clerk expressly asserted waiver as the Ninth Affirmative Defense: it is expressly proscribed as an affirmative defense in Fed. R. Civ. P. 8(c). This defense is a separate and distinct defense from laches. Thus, the Clerk properly pled it as a separate and additional defense.

### j. Tenth Affirmative Defense

The Clerk's Tenth Affirmative Defense states:

> **Plaintiff's claims he elected to forgo filing other frivolous claims do not constitute damages. To the extent such claims constitute damages, they are too speculative.**

Answer, p.17.

Plaintiff moves to strike arguing the Clerk asserts "Plaintiff's damages are speculative, uncertain, impossible to ascertain, unrecoverable, or not cognizable." Motion, p.11. The Tenth Affirmative Defense alleges Plaintiff's damages are simply his election to forgo filing a frivolous claim, and that such is not a true form of damages and is too speculative. The defense is sufficiently stated to put the Plaintiff on notice as to what the defense is – this different than "speculative damages" as one may find in loss of future sales, for example. Thus, the Clerk properly pled it as a separate and additional defense.

### k. Eleventh Affirmative Defense

The Clerk's Eleventh Affirmative Defense states:

> **Plaintiff[] purported to serve a demand for money and threatened to pursue claims against the Clerk, including for treble damages. The Clerk, through counsel, served a response to Plaintiff's Demand Letter. The response does <u>not</u> satisfy the element of publication required for defamation <u>nor</u> retaliation required for Plaintiff's claims.**

Answer, pp. 17-18.

Plaintiff moves to strike the Eleventh Affirmative Defense, arguing: (a) the defense is "merely a denial of an element Plaintiff must prove"; and (b) publication is not an element of a first amendment retaliation claim. *See* Motion, p.11. Here, the Clerk alleges the challenged conduct was part of the pre-suit litigation, a letter responding to Plaintiff's demand, and therefore, insufficient to form the actionable basis for Plaintiff's claims of defamation or retaliation. The demand response cannot be the kind of "publication" required, and thus, the failure to have a publication is an affirmative defense to those allegations. The defense "admits to the complaint, but avoids liability, wholly, or partially, by new allegations of excuse, justification or other negating matters" and is thus an appropriate affirmative defense.

### l. Twelfth Affirmative Defense

The Clerk's Twelfth Affirmative Defense states:

> **At all times, the Clerk acted in good faith and in compliance with Florida law, barring Plaintiff's claims.**

Answer, p.18.

Plaintiff moves to strike the Twelfth Affirmative Defense, arguing good faith is: (a) not a cognizable affirmative defense for takings clause, due process clause, or first amendment retaliation claims; (b) not a valid affirmative defense of breach of fiduciary duty; and (c) merely a denial of "that element" (presumably referring to an element of good faith in a breach of fiduciary duty claim). *See* Motion, p.12. Plaintiff asserts retaliation to extort the Plaintiff or to chill his First Amendment Rights. If the Clerk acted in good faith and followed the statutory requirements, then the Clerk did not act to extort or chill the Plaintiff's constitutional rights.  Plaintiff's substantive disagreement as to how good faith operates and what doctrines it operates under is not a basis to strike the defense. The defense "admits to the complaint, but avoids liability, wholly, or partially, by new allegations of excuse, justification or other negating matters." *See also Dougan v. Armitage Plumbing, LLC*, No. 6:11-cv-1409-Orl-22KRS, 2011 WL 5983352, at *2 (M.D. Fla. 2011) (holding adequate a defense asserting defendant "acted in good faith").

### m. Thirteenth Affirmative Defense

The Clerk's Thirteenth Affirmative Defense states:

**Plaintiff's claims challenging the Clerk's conduct under Florida Statute § 116.21 are barred because Plaintiff failed to comply with a condition precedent of filing written claims pursuant to Fla. Stat. § 116.21(3), and pursuant to Fla. Stat. § 116.21(4) this statute does not provide a private right of action for Plaintiff to**

**seek relief and has released and discharged the Clerk from all potential liability.**

Answer, p.18.

Plaintiff moves to strike the Thirteenth Affirmative Defense, stating: (a) the defense "is just immunity as a conditions precedent defense" because the statute provides the Clerk for complete immunity "once they seize the funds at issue", making it "impossible to comply" with conditions once funds are "take[n]"; and (b) that "the law does not apply at all because it is preempted by the First, Fifth, and Fourteenth amendments." *See* Motion, p.12.

Not satisfying a statutory condition precedent is a quintessential affirmative defense to causes of actions related to said statute. Plaintiff's arguments, which lack any legal support, go to the merits of the defense and are not grounds for a motion to strike. The rules codify a party's authority to plead the non-compliance of a condition precedent. *See* Fed. R. Civ. P. (9)(c) ("...[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity."); *Associated Mech. Contractors, inc. v. Martin K. Eby Constr. Co.*, 271 F.3d 1309, 1317 (11th Cir. 2001) (allowing for "a specific denial of performance of conditions precedent [to] be raised by motion as well as by answer."); *Myers v. Central Fla. Investments, Inc.*, 592. F. 3d 1201, 1224 (11th Cir. 2010) (finding denial in answer sufficiently particular). In fact, the Clerk <u>must</u> deny the conditions precedent or it is

deemed admitted.  *Id.* Here, the Clerk cites the statute and Plaintiff's inaction, which is sufficient.

### n. Fourteenth Affirmative Defense

The Clerk's Fourteenth Affirmative Defense states:

> **Plaintiff's claims are barred because Plaintiff changed his address in the court file in Case No. 2018-CC-22377, 13th Judicial Circuit, Hillsborough County, on June 22, 2018, to 502 S. Fremont Ave #1322, Tampa, FL 33606 (the "Fremont Address"), and Plaintiff failed to file any subsequent change of address.**

> **A true and correct copy of Plaintiff's Notice of Address Change is attached hereto as Exhibit 2. Plaintiff did <u>not</u> file any subsequent notice to apprise the court or the Clerk of a new address different from the Fremont Address.**

> **Pursuant to the Thirteenth Judicial Circuit, Hillsborough County, Florida, Administrative Order S-2019-005 ("AO-S-2019-005"), paragraphs 2-3, Plaintiff was required to file a designation of his new address upon a change of address. A true and correct copy of AO-S-2019-005 is attached as Exhibit 3. Plaintiff knew how to file the designation of change of address, because he filed such a notice on June 22, 2018 – and it was logical and reasonable for the Clerk to rely upon Plaintiff's representations of his own address. Plaintiff could have filed a subsequent notice of change of address, and Plaintiff did not.**

> **The Clerk complied with Florida law and provided proper notice to the Plaintiff.**

Answer, pp. 18-19.

Plaintiff moves to strike the Fourteenth Affirmative Defense, arguing it is: (a) not legally cognizable; and (b) undisputed Plaintiff did not update his address, but the Clerk had other ways to contact him. *See* Motion, pp. 12-13. The Fourteenth Affirmative Defense provides details facts and law barring

Plaintiff's claims and is thus a proper affirmative defense. Plaintiff's unsupported allegations as to other ways the Clerk could have contacted him are not a basis to strike the affirmative defense.

<u>CONCLUSION</u>

WHEREFORE, Defendant, Hillsborough County Clerk of Courts, respectfully requests this Court deny Plaintiff, Blake Warner's Motion to Strike, and for such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Patrick S. Brathwaite*
**Jason L. Margolin, Esq.**
Florida Bar No.: 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**Patrick S. Brathwaite, Esq.**
Florida Bar No.: 1018493
patrick.brathwaite@akerman.com
ava.hill@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
*Attorneys for the Clerk of Hillsborough
County Circuit Court*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the EPortal and e-mail on November 1, 2022, to Blake Warner at blake@null3d.com.

*/s/ Patrick S. Brathwaite*
Patrick S. Brathwaite