# Florida Rules of Judicial Administration

## Table of Contents

CITATIONS TO OPINIONS ADOPTING OR AMENDING RULES ORIGINAL ADOPTION, effective 7-1-78: 360 So.2d 1076. ...................................................................4
PART I. GENERAL PROVISIONS ...............................................................................7
    RULE 2.110.  SCOPE AND PURPOSE ..........................................................7
    RULE 2.120.  DEFINITIONS ..........................................................................7
    RULE 2.130.  PRIORITY OF FLORIDA RULES OF APPELLATE PROCEDURE ............................................................................................7
    RULE 2.140.  AMENDING RULES OF COURT ............................................8
PART II. STATE COURT ADMINISTRATION .........................................................16
    RULE 2.205.  THE SUPREME COURT .......................................................16
    RULE 2.210.  DISTRICT COURTS OF APPEAL..........................................23
    RULE 2.215.  TRIAL COURT ADMINISTRATION......................................27
    RULE 2.220.  CONFERENCES OF JUDGES ...............................................35
    RULE 2.225.  JUDICIAL MANAGEMENT COUNCIL .................................39
    RULE 2.230.  TRIAL COURT BUDGET COMMISSION..............................41
    RULE 2.235.  DISTRICT COURT OF APPEAL BUDGET COMMISSION..44
    RULE 2.236.  FLORIDA COURTS TECHNOLOGY COMMISSION...........47
    RULE 2.240.  DETERMINATION OF NEED FOR ADDITIONAL JUDGES .............................................................................................54
    RULE 2.241.  DETERMINATION OF THE NECESSITY TO INCREASE, DECREASE, OR REDEFINE JUDICIAL CIRCUITS AND APPELLATE DISTRICTS ...........................60
    RULE 2.244.  JUDICIAL COMPENSATION ...............................................67
    RULE 2.245.  CASE REPORTING SYSTEM FOR TRIAL COURTS............68
    RULE 2.250.  TIME STANDARDS FOR TRIAL AND APPELLATE COURTS AND REPORTING REQUIREMENTS....................68
    RULE 2.255.  STATEWIDE GRAND JURY......................................................70
    RULE 2.256.  JUROR TIME MANAGEMENT ...............................................71
    RULE 2.260.  CHANGE OF VENUE.................................................................72
    RULE 2.265.  MUNICIPAL ORDINANCE VIOLATIONS.............................74
PART III. JUDICIAL OFFICERS................................................................................75

EXHIBIT B

RULE 2.310.  JUDICIAL DISCIPLINE, REMOVAL, RETIREMENT, AND SUSPENSION ...................................................................75
RULE 2.320.  CONTINUING JUDICIAL EDUCATION ...............................76
RULE 2.330.  DISQUALIFICATION OF TRIAL JUDGES .........................77
RULE 2.340.  JUDICIAL ATTIRE.................................................................79

PART IV. JUDICIAL PROCEEDINGS AND RECORDS ....................................79
RULE 2.410.  POSSESSION OF COURT RECORDS ...................................79
RULE 2.420.  PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS............................................80

APPENDIX TO RULE 2.420 ................................................................................101
RULE 2.425.  MINIMIZATION OF THE FILING OF SENSITIVE INFORMATION ......................................................................103
RULE 2.430.  RETENTION OF COURT RECORDS .................................106
RULE 2.440.  RETENTION OF JUDICIAL BRANCH ADMINISTRATIVE RECORDS ...........................................110
RULE 2.450.  TECHNOLOGICAL COVERAGE OF JUDICIAL PROCEEDINGS .....................................................................111
RULE 2.451.  USE OF ELECTRONIC DEVICES .......................................114

PART V. PRACTICE OF LAW .................................................................................116
A. ATTORNEYS ........................................................................................................116
RULE 2.505.  ATTORNEYS ........................................................................116
RULE 2.510.  FOREIGN ATTORNEYS......................................................118

B. PRACTICE AND LITIGATION PROCEDURES ............................................125
RULE 2.514.  COMPUTING AND EXTENDING TIME ............................125
RULE 2.515.  SIGNATURE AND CERTIFICATES OF ATTORNEYS AND PARTIES ...................................................................127
RULE 2.516.  SERVICE OF PLEADINGS AND DOCUMENTS .................128
RULE 2.520.  DOCUMENTS .......................................................................133
RULE 2.525.  ELECTRONIC FILING.........................................................135
RULE 2.526.  ACCESSIBILITY OF INFORMATION AND TECHNOLOGY.....................................................................140
RULE 2.530.  COMMUNICATION EQUIPMENT.........................................140
RULE 2.535.  COURT REPORTING...........................................................141
RULE 2.540.  REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES ........................................147

RULE 2.545. CASE MANAGEMENT ............................................................149
RULE 2.550. CALENDAR CONFLICTS ......................................................152
RULE 2.555. INITIATION OF CRIMINAL PROCEEDINGS ......................154
RULE 2.560. APPOINTMENT OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT PERSONS ...........154
RULE 2.565. RETENTION OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT PERSONS BY ATTORNEYS OR SELF-REPRESENTED LITIGANTS 157
JUDICIAL BRANCH RECORDS RETENTION SCHEDULE FOR ADMINISTRATIVE RECORDS ........................................................................160

## RULE 2.515.   SIGNATURE AND CERTIFICATES OF ATTORNEYS AND PARTIES

**(a)   Attorney's Signature and Certificates.** Every document of a party represented by an attorney shall be signed by at least 1 attorney of record in that attorney's individual name whose current record Florida Bar address, telephone number, including area code, primary e-mail address and secondary e-mail addresses, if any, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida or who shall have received permission to appear in the particular case as provided in rule 2.510. The attorney may be required by the court to give the address of, and to vouch for the attorney's authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, documents need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that:

(1)   the attorney has read the document;

(2)   to the best of the attorney's knowledge, information, and belief there is good ground to support the document;

(3)   the document is not interposed for delay; and

(4)   the document contains no confidential or sensitive information, or that any such confidential or sensitive information has been properly protected by complying with the provisions of rules 2.420 and 2.425. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the document had not been served.

**(b)   Pro Se Litigant Signature.** A party who is not represented by an attorney shall sign any document and state the party's address and telephone number, including area code.

**(c)   Form of Signature.**

(1)   The signatures required on documents by subdivisions (a) and (b) of this rule may be:

(A)   original signatures;

    (B) original signatures that have been reproduced by electronic means, such as on electronically transmitted documents or photocopied documents;

    (C) an electronic signature indicator using the "/s/," "s/," or "/s" [name] formats authorized by the person signing a document electronically served or filed; or

    (D) any other signature format authorized by general law, so long as the clerk where the proceeding is pending has the capability of receiving and has obtained approval from the Supreme Court of Florida to accept pleadings and documents with that signature format.

   (2) By serving a document, or by filing a document by electronic transmission using an attorney's assigned electronic filing credentials:

    (A) that attorney certifies compliance with subdivision (a)(1) through (a)(4) and accepts responsibility for the document for all purposes under this rule;

    (B) that attorney certifies compliance with all rules of procedure regarding service of the document on attorneys and parties;

    (C) that attorney certifies that every person identified as a signer in the document as described in subdivision (c)(1)(C) has authorized such signature; and

    (D) every signing attorney is as responsible for the document as if that document had been served by such signing attorney or filed using the assigned electronic filing credentials of such signing attorney.

**RULE 2.516. SERVICE OF PLEADINGS AND DOCUMENTS**

 **(a) Service; When Required.** Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, every pleading subsequent to the initial pleading and every other document filed in any court proceeding, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, must be served in accordance with this rule on each party. No service need be made on parties against whom a default has been entered, except