# In The Circuit/County Court Of The Thirteenth Judicial Circuit Of The State Of Florida, In And For Hillsborough County
## Civil Division

Blake Warner

v.

Florida Department of Highway Safety and Motor Vehicles, City of Tampa

Case Number **19-CA-2966**

Division **A**

## Petition for Writ of Certiorari

Comes Now, Petitioner ("Blake Warner") hereby petitions this Court for issuance of Writ of Certiorari for Respondents suspending Petitioner's Florida drivers license without due process of law.

# I  Jurisdiction

1. This Court has jurisdiction pursuant to Florida Statutes §§ 322.31, Florida Rule of Appellate Procedure 9.030(c)(1)(C), and Article V, Section 4 of the Florida Constitution.

2. Petitioner is a citizen and resident of the City of Tampa, Hillsborough County, and State of Florida.

3. Respondent is a municipality incorporated in Hillsborough County, and State of Florida.

4. All relevant events occurred in Hillsborough County.

1

5. Petitioner is challenging a decision by an administrative agency, Florida Department of Highway Safety and Motor Vehicles.

6. Petitioner has no other avenue to challenge the suspension.

## II  Statement of Facts

7. On 10-22-2018, Petitioner received a "Notice of Violation" that accused him of violating Florida Statutes §§ 316.0083, 316.074(1), and 316.075(1)(c)1.

8. The issued "Notice of Violation" states "If you have questions about this notice, please go to www.ViolationInfo.com"

9. www.ViolationInfo.com was not a working website at the time of delivery of the Notice.

10. Without a working website, Petitioner did mail a notice requesting a hearing to the address on the "Notice of Violation".

11. Petitioner never received a hearing, and was subsequently mailed a license suspension letter by the Florida Department of Motor Vehicles.

## III  Counts

### 1.  Due Process Violation

12. The issued "Notice of Violation" states "If you have questions about this notice, please go to www.ViolationInfo.com"

13. www.ViolationInfo.com was not a working website at the time of delivery of the Notice.

14. ViolationInfo.com is still not working at the time of this filing.

15. By not providing a correctly functioning website, Respondent's did not comply with FS §§ 316.0083 to make available to Petitioner, the photogenic evidence to view, and notice of his rights, procedure to appeal, and other information in accordance with FS §§ 316.0083.

16. This violated the Petitioner's right to due process by not providing adequate notice, and not providing a way for the petitioner to adequately challenge the "Notice of Violation".

## 2. Due Process Violation

17. Without a working website, Petitioner did mail a notice requesting a hearing to the address on the "Notice of Violation".

18. Petitioner never received a response, and was subsequently mailed a license suspension letter by the Florida Department of Motor Vehicles.

19. This violated the Petitioner's due process right by denying him a hearing in violation of FS §§ 316.0083.

## 3. Due Process Violation, Facial / As-Applied Challenge FS §§ 316.0083

20. Petitioner never received a traffic citation.

21. Respondents likely mailed the Traffic Citation via certified mail in accordance with Florida Statutes §§ 316.0083 (4)(c)1.a.[1].

22. Unfortunately, Petitioner was not home and no traffic citation was ever delivered without someone present to sign for it.

---

[1] (c)1.a.   A traffic citation issued under this section shall be issued by mailing the traffic citation by certified mail to the address of the registered owner of the motor vehicle involved in the violation if payment has not been made within 60 days after notification under paragraph (b), if the registered owner has not requested a hearing as authorized under paragraph (b), or if the registered owner has not submitted an affidavit under this section.

23. A mere delivery attempt does not constitute adequate notice under due process. If the certified letter cannot be signed for, then Respondents should have either mailed it via first class mail, or left the traffic citation affixed to Petitioner's door.

24. Petitioner's right to due process was violated by failing to give adequate notice by actually delivering the traffic citation, and then denying him an opportunity to challenge the citation in court.

25. Florida Statutes §§ 316.0083 (4)(c)1.a. is unconstitutional on it's face, because it never comports with adequate notice afford under due process.

26. Florida Statutes §§ 316.0083 (4)(c)1.a. is unconstitutional as applied, because adequate notice was denied by Petitioners failed to take the extra step of leaving the traffic citation on the premise.

### 4. Due Process Violation

27. The process to request a hearing for the "Notice of Violation" impermissibly requires submitting a sworn affidavit waiving Petitioner's right to challenge service of the Uniform Traffic Citation that has not even been issued yet.

28. Requiring the Petitioner to waive fundamental civil rights in order to request a hearing on "Notice of Violation" violates his right to due process.

Wherefore, Respondent respectfully requests that this Court grant cert, and order Respondents to return any Fee's Petitioner paid, for Respondents to pay court costs, declare Florida Statutes §§ 316.0083 (4)(c)1.a. unconstitutional, and enjoin Respondents from suspending Petitioner's license until they comport with all federal and state laws.

# IV  Certificate of Service

I certify that a copy hereof has been furnished to the City of Tampa, and Florida Department of Highway Safety and Motor Vehicles.

| | |
|---|---|
| 3-20-2019 | *Blake Warner* |
| Date | Signature |
| | Blake Warner, Pro Se |
| | blake3d.com |
| | 6220 S. Kelly Road |
| | Tampa, FL 33611 |