UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiff,

v.                                   Case No. 8:22-cv-01977-MSS-SPF

HILLSBOROUGH COUNTY
CLERK OF COURTS,

    Defendant.

_____/

**JOINT MOTION FOR CLARIFICATION OR, IN
THE ALTERNATIVE, AN EXTENSION**

The parties—Plaintiff Blake Warner and Defendant Hillsborough County Clerk of Courts—submit this motion for clarification or, in the alternative, an extension:

1. The case management and scheduling order sets the primary trial deadlines starting in March **2024**, except for the deadline for trial briefing, which is "March 29, **2023**." Docket 26, at 2.

2. The parties believe this date is meant to be March 29, **2024** (not 2023), but request clarification to ensure their trial briefs are not due this week.

3. In the interests of avoiding any automated reminders in the court's docketing system that might be tied to the March 29, 2023, date, the parties

1

are requesting an amendment to the case management and scheduling order to either update the date to be March 29, 2024, or otherwise extend it for at least six months.

4. Courts have discretion to extend deadlines pursuant to Federal Rule of Civil Procedure 6(b). *See, e.g.*, *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987).

5. When a party requests (or in this case when the parties request) an extension of a deadline before the deadline passes, the Court may extend it "for good cause." Fed. R. Civ. P. 6(b)(1)(A).

6. "To establish good cause, the party seeking the extension must establish that the [deadline cannot] be met despite the party's diligence." *E.g.*, *Ashmore v. Sec'y, Dept. of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)).

7. Courts have broad discretion to modify their own case management orders under Rule 16(b)(4).

8. In this case, the parties request the Court use its discretion to amend the scheduling order and otherwise grant extensions to update the date to March 29, 2024, which will allow the parties additional time to prepare their trial briefs and deposition designations by developing this litigation, along with

potentially saving time and resources by putting the deadline months past the dispositive motion deadline.

9. The parties have conferred, agree on the relief sought in this motion, and are filing it jointly.

Respectfully submitted,

/s/ *Blake Warner*
**Blake Warner,** *pro se*
2211 S. Village Ave.
Tampa, FL 33612
E-Service: blake@null3d.com
*Plaintiff*


/s/ *Jason L. Margolin*
**Jason L. Margolin, Esq.**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
Lead Counsel
**Gregg M. Moran, Esq.**
Florida Bar No. 1011060
gregg.moran@akerman.com
ava.hill@akerman.com
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of March 2023, I filed the foregoing using the Court's CM/ECF system, which will send a true and correct copy to plaintiff Blake Warner at blake@null3d.com.

                                         /s/ *Jason L. Margolin*
                                         Counsel for Defendant