## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BLAKE WARNER,

      Plaintiff,

v.                                Case No. 8:22-cv-01977-MSS-SPF

HILLSBOROUGH COUNTY
CLERK OF COURTS,

      Defendant.

_____/

### DEFENDANT'S RESPONSE TO FIRST SET OF
### INTERROGATORIES TO DEFENDANT

Defendant, Hillsborough County Clerk of Courts, by and through its undersigned counsel hereby responds to Plaintiff Blake Warner's First Set of Interrogatories to Defendant as follows:

1.    Why was Mr. Warner not served electronically via his e-file account when you entered docket entry 79 "UNCLAIMED FUNDS DISPOSED PER FS 116.21, FUNDS FOREVER BARRED" for case number 18-CC-022377?

**Answer: The Clerk was not required to electronically serve Mr. Warner.**

2.    Why was Mr. Warner not served electronically via his e-file account when you entered docket entry 77 "UNCLAIMED FUNDS LETTER SENT TO PARTY" for case number 18-CC-022377?

**Answer: The Clerk was not required to electronically serve Mr. Warner. In accordance with Florida Rule of General Practice and Judicial Administration 2.516(g), the Clerk mailed the letter to the last address Mr. Warner provided in his notice of address change in the docket. Additionally, Florida Statute § 116.21 solely requires published notice, which La Gaceta provided as required by Florida**

**Statute §116.21. Mr. Warner was sent all notice in a timely manner as required by law.**

3.    Identify all persons who were electronically served with docket entry 77 and docket entry 79 in case number 18-CC-022377.

**Answer: No persons were electronically served. The Clerk was not required to electronically serve anyone. As the docket entries reflect, these were mailed out and publicly available on the docket.**

4.    Why did you choose La Gaceta to publish the legal notice for the court registry funds held for case number 18-CC-022377 over a larger local newspapers such as the Tampa Bay Times?

**Answer: La Gaceta met all of the requirements under Florida Statute §50.011 for purposes of use for notice. In further support, La Gaceta is a local paper with a diverse readership, including through its publication in multiple languages to help it reach a broad audience. It also meets all necessary requirements to provide legal notices. It has a long history of serving legal notices for local courts, including those in Hillsborough, Pasco, Hernando, Citrus, and Orange Counties. The staff at La Gaceta is courteous and professional, and can be trusted to do a good job with the role of publishing legal notices at a reasonable cost.**

5.    Describe what steps you took to ensure compliance with FS 116.21, FS 50.031, and/or federal due process requirements prior to publishing the legal notice for the court registry funds held for case number 18-CC-022377.

**Answer: In accordance with Florida Rule of General Practice and Judicial Administration 2.516(g), the Clerk mailed a letter to the last address Mr. Warner provided in his notice of address change in the docket. The letter was also available on the docket for the public to freely view. Additionally, Florida Statute § 116.21 solely requires published notice, which the Clerk published using La Gaceta as required by Florida Statute §116.21. Mr. Warner was sent all notice in a timely manner as required by law.**

6.    Describe all steps you took to give notice to Mr. Warner that you intended to seize the money held in the court registry funds for case number 18-CC-022377.

2

**Answer: The Clerk's office did not "seize" any funds; the funds were processed through the normal procedures outlined in Florida Statute § 116.21 after none of the parties attempted to claim them. In accordance with Florida Rule of General Practice and Judicial Administration 2.516(g), the Clerk mailed a letter to the last address Mr. Warner provided in his notice of address change in the docket. Additionally, Florida Statute § 116.21 solely requires published notice, which the Clerk published using La Gaceta as required by Florida Statute §116.21. Mr. Warner was sent all notice in a timely manner as required by law**

7.   How was the money that was seized from the court registry funds–held for case number 18-CC-022377–used?

**Answer: The Clerk's office did not "seize" any funds; the funds were processed through the normal procedures outlined in Florida Statute § 116.21, which process ultimately requires the Clerk to place the funds in the Fine and Forfeiture Fund established in Florida Statute §142.01.**

8.   What was the purpose of stating to Mr. Warner that he may be committing felony extortion in your response to his demand letter?

**Objection to the extent this interrogatory mischaracterizes the response to the demand letter, which is a written document that speaks for itself.**

**Answer: Mr. Warner's demand letter explicitly accused the clerk of committing "embezzlement" and "theft," which are both crimes, in an effort to obtain money through the demand, in excess of the money Mr. Warner deposited during his case. The purpose was to protect the Clerk's legal rights and refute Mr. Warner's incorrect statements and respond to his improper threats.**

9.   At the time you wrote your response to Mr. Warner's demand letter, did you believe that Mr. Warner's demand letter constituted criminal extortion?

**Answer: Yes, that was the thought at the time (and remains a possibility), as the demand letter explicitly accused the clerk of committing "embezzlement" and "theft," which are both crimes, in an effort to obtain money through the demand.**

3

10.    As of today, do you believe that Mr. Warner's demand letter constituted criminal extortion?

**Answer: It certainly might—the demand letter explicitly accused the clerk of committing "embezzlement" and "theft," which are both crimes, in an effort to obtain money through the demand.**

By: _Diane Suttenfield Thoma_
Title: _Deputy Clerk & Manager_
Print Name: _Diane Suttenfess-Tha..._

4

STATE OF FLORIDA            )
COUNTY OF HILLSBOROUGH      )

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this ___MAY 2 6 2023___, 2023 by ___Marquita Jones___ as ___Notary___ of ___Hillsborough County___, on behalf of ___Clerk of Court___. He/she is personally known to me or has produced ___FL DL___ as identification.

[Notary Seal]

Notary Public

MARQUITA S. JONES
MY COMMISSION # HH 303066
EXPIRES: August 21, 2026

Name typed, printed or stamped
My Commission Expires: _____

70678566;1

5

## Certificate of Service

I hereby certify that on this 31st day of May 2023, I served the foregoing on Blake Warner at blake@null3d.com.

*/s/ Jason Margolin*
Counsel for Defendant

70678566;1