# RESIDENTIAL LEASE

This agreement, made this 17th day of May 20 19, between **Antonio J. Ruggieri,** hereinafter referred to as the LANDLORD, and **Blake Warner** hereinafter referred to as the TENANT, concerning the lease of the following described property: **3002 W. Cleveland St., Unit C8, Tampa, FL 33609-3182** is agreed to by and shall bind the TENANT, its heirs, estate, or legally appointed representatives. TENANT as herein used shall include all persons to whom this property is leased. LANDLORD as herein used shall include the OWNER(s) of the premises, its heirs, assigns or representatives and/or any AGENT(s) designated by the OWNER(s).

**TERM OF LEASE: May 17, 2019** to **April 30, 2020.** If for any reason LANDLORD cannot deliver possession of the premises to TENANT by the beginning date, the beginning date may be extended up to 30 days or lease voided at LANDLORD'S option without LANDLORD being liable for any expenses caused by such delay or termination.

**OCCUPANTS:** Only the following individuals shall occupy the premises unless written consent of the LANDLORD is obtained: **Blake Warner,  Johannes Warner.** A reasonable number of guests may occupy the premises without prior written consent if stay is limited to 72 hours.

**PRORATED RENT:** TENANT agrees to pay the sum of **$665.75 due June 1, 2019** as pro-rated rent for the period **May 17, 2019** to **May 31, 2019.**

**RENT:** TENANT agrees to pay the monthly rent amount of **$1,350.00** plus any applicable sales tax as rent on the **1st** day of each month in advance without demand at **ANTONIO J. RUGGIERI, PO Box 172321, Tampa, FL 33672** Phone number **(813) 842-7789** Emergency phone number **(813) 842-7789.** Rent must be received by LANDLORD or its designated AGENT on or before the due date. A late fee of **10%** plus **N/A** per day thereafter shall be due as additional rent if TENANT fails to make rent payments on or before the **2nd** day of each month. TENANT acknowledges in the event electronic payments and/or direct deposits are permitted, LANDLORD reserves the right to suspend or terminate electronic payments and/or direct deposit arrangements in the event of default by TENANT under this lease and to demand payment at a physical address. Cash payments are not accepted. If TENANT'S payment is dishonored, all future payments must be made by money order or cashier's check; dishonored payments will be subject to the greater of 5% of the payment amount or a $40.00 charge as additional rent. If LANDLORD has actual knowledge that there are insufficient funds to cover a payment, rent will be considered unpaid, LANDLORD may serve TENANT with a Three Day Notice and will not be required to deposit the payment. Third party checks are not permitted. Time is of the essence. The imposition of late fees and/or dishonored payment charges is not a substitution or waiver of available Florida law remedies. If rent is not received by the **1st** day of each month, LANDLORD may serve a Three Day Notice on the next day or any day thereafter as allowed by law, and LANDLORD has the right to demand that late payments shall only be in the form of a money order or a certified check. All signatories to this lease are jointly and severally responsible for the faithful performance of this lease. All payments made shall first be applied to any outstanding balances of any kind including late charges and/or any other charges due under this lease. All notices by TENANT to LANDLORD shall be sent to LANDLORD'S address above by certified mail.

**PETS:** TENANT shall not keep any animal or pet in or around the rental premises without LANDLORD'S prior written approval.

**SECURITY DEPOSIT:** TENANT agrees to pay LANDLORD the sum of **$1,350.00,** as security for faithful performance by TENANT of all terms, covenants and conditions of this lease.  This deposit may be applied by the LANDLORD for any monies owed by TENANT under the lease or Florida law, physical damages to the premises, costs, and attorney's fees associated with TENANT'S failure to fulfill the terms of the lease and any monetary damages incurred by LANDLORD due to TENANT'S default. TENANT cannot dictate that this deposit be used for any rent due. If TENANT breaches the lease by abandoning, surrendering or being evicted from the rental premises prior to the lease expiration date (or the expiration of any extension) TENANT will be responsible for unpaid rent, physical damages, future rent due, attorney's fees, costs and any other amounts due under the terms of the tenancy or Florida law.  The security deposit (and advance rent, if applicable) will be held in the following manner: Deposited in a separate non interest bearing account with **Wells Fargo Bank, 214 S. Hyde Park Ave., Tampa, FL 33606.**
**Your lease requires payment of certain deposits. The LANDLORD may transfer advance rents to the LANDLORD'S account as they are due and without notice. When you move out, you must give the LANDLORD your new address so that the LANDLORD can send you notices regarding your deposit. The LANDLORD must mail you notice, within 30 days after you move out, of the LANDLORD'S intent to impose a claim against the deposit. If you do not reply to the LANDLORD stating your objection to the claim within 15 days after receipt of the LANDLORD'S notice, the LANDLORD will collect the claim and must mail you the remaining deposit, if any. If the LANDLORD fails to timely mail you notice, the LANDLORD must return the deposit but may later file a lawsuit against you for damages. If you fail to timely object to a claim, the LANDLORD may collect from the deposit, but you may later file a lawsuit claiming a refund.**

Page 1                              Initials  B.A.U.

**You should attempt to informally resolve any dispute before filing a lawsuit. Generally, the party in whose favor a judgment is rendered will be awarded costs and attorney fees payable by the losing party.**
**This disclosure is basic. Please refer to part II of Chapter 83, Florida Statutes, to determine your legal rights and obligations.**

Florida statutory law, 83.49(3) provides:

(3)(a)  Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the LANDLORD shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the TENANT written notice by certified mail to the TENANT'S last known mailing address of his or her intention to impose a claim on the deposit, and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:  This is a notice of my intention to impose a claim for damages in the amount of ----- upon your security deposit, due to -----.  It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to <u>(LANDLORD'S address)</u>. If the LANDLORD fails to give the required notice within the 30-day period, he or she forfeits his or her right to impose a claim upon the security deposit.

(b)  Unless the TENANT objects to the imposition of the LANDLORD'S claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, the LANDLORD may then deduct the amount of his or her claim and shall remit the balance of the deposit to the TENANT within 30 days after the date of the notice of intention to impose a claim for damages.

(c)  If either party institutes an action in a court of competent jurisdiction to adjudicate his or her right to the security deposit, the prevailing party is entitled to receive his or her court costs plus a reasonable fee for his or her attorney.  The court shall advance the cause on the calendar.

(d)  Compliance with this subsection by an individual or business entity authorized to conduct business in this state, including Florida-licensed real estate brokers and salespersons, shall constitute compliance with all other relevant Florida Statutes pertaining to security deposits held pursuant to a rental agreement or other landlord-tenant relationship.  Enforcement personnel shall look solely to this subsection to determine compliance.  This subsection prevails over any conflicting provisions in chapter 475 and in other sections of the Florida Statutes.

Security deposit refunds if any shall be made by mail only, as provided by law, made out in names of all TENANTS in one check, and, may not be picked up in person from LANDLORD.

**ASSIGNMENTS/SUBLETTING:** TENANT shall not assign this lease, transfer any interest, advertise or solicit any third parties to advertise any rental or use of the premises, rent to another or sublet the premises or any part thereof for any period of time. Airbnb or similar types of renting, subletting, room rentals, couch surfing, advertising to rent or use, or home exchanging is expressly prohibited and shall be a material breach of the lease agreement.

**APPLICATION:** If TENANT has filled out a rental application, any misrepresentation made by the TENANT in same will be a breach of this agreement and LANDLORD may terminate the tenancy. Lease may be contingent upon association approval of tenancy; when applicable, TENANT agrees to make good faith effort in diligently complying with association approval process.

**FIXTURES AND ALTERATIONS:** TENANT must obtain prior written consent from LANDLORD before painting, installing fixtures, making alterations, additions or improvements and if permission granted, same shall become LANDLORD'S property and shall remain on the premises at the termination of the tenancy.

**USE OF PREMISES:** TENANT shall maintain the premises in a clean and sanitary condition and not disturb surrounding residents or the peaceful and quiet enjoyment of the premises or surrounding premises. TENANT shall install window shades or draperies (no foil, sheets, paper etc. allowed) within 15 days of taking occupancy if not already provided. Premises are to be used and occupied by the TENANT for only residential, non-business, private housing purposes only. TENANT shall not operate any type of day care or child sitting service on the premises. TENANT shall secure insurance immediately for any water filled devices with a loss payable clause to LANDLORD. No trampolines, athletic equipment, recreational equipment, or any items or activities which can cause interference with the insurance coverage on the premises will be permitted. TENANT is strictly prohibited from installing or using a permanent or portable fire pit anywhere on the premises, and may not otherwise light exterior fires. TENANT acknowledges burning of candles or incense is NOT permitted on the premises.  TENANT shall not place or use any above ground pools of any size on the premises without LANDLORD'S approval. TENANT is not permitted to access, enter or store any items in any crawl spaces, attics or any locked areas on the premises without prior written permission from LANDLORD. No aquariums are allowed without Landlord's prior written consent.

**SMOKING:** Smoking is NOT permitted on the premises by TENANT, guests or invitees. TENANT understands that smoking on the premises shall be considered a material default under this lease agreement.   In the event the premises are damaged in any way due to smoking on the premises, TENANT will be fully responsible for eradication of smoke-related odors and repair of any damage due to the smoking.  TENANT agrees that smoke related damages will in no way be considered ordinary wear and tear.

**RISK OF LOSS:** All TENANTS' personal property shall be at the risk of the TENANT, and LANDLORD shall not be liable for any damage to said personal property of the TENANT arising from criminal acts, fire, storm, flood, rain or wind

Page 2                           Initials  B.A.V.

damage, acts of negligence of any person whomsoever, or from the bursting or leaking of water pipes. LANDLORD shall not be responsible for the loss of any food in the event of a refrigerator or freezer failure, defect or electrical failure. **TENANT is strongly urged to secure insurance for personal property.**

**DEFAULT:** (1) Failure of TENANT to pay rent or any additional rent when due, or (2) TENANT'S violation of any other term, condition or covenant of this lease (and if applicable, attached rules and regulations), condominium or HOA rules regulations, restrictions, by-laws or neighborhood deed restrictions or (3) failure of TENANT to comply with any federal, state and/or local laws, rules and ordinances, or (4) TENANT'S failure to move into the premises or TENANT'S abandonment of the premises, shall constitute a default by TENANT. Upon default, TENANT shall owe LANDLORD rent and all sums as they become due under the terms of this lease and any addenda attached hereto and any and all amounts owed to LANDLORD as permitted by Florida law. If the TENANT abandons or surrenders possession of the premises during the lease term or any renewals, or is evicted by the LANDLORD, LANDLORD may retake possession of the premises and make a good faith effort to re-rent it for the TENANT account. Retaking of possession shall not constitute a rescission of this lease nor a surrender of the leasehold estate. If TENANT(s) breach this lease agreement, in addition to any other remedies available by law and this lease agreement, TENANT(s) shall be responsible for any leasing fee or commission charge which OWNER may incur in attempting to re-lease the premises through a licensed real estate company. If TENANT'S actions or inactions result in any fines, attorney's fees, costs or charges from or imposed by a condo association or homeowners association if in place, or governmental agency, TENANT shall be in default of this lease and shall be immediately required to pay such sums as additional rent.

**ATTORNEY'S FEES:** The prevailing party in any litigation between LANDLORD and TENANT concerning enforcement of the terms and conditions of the lease shall be entitled to reasonable attorney's fees and court costs. LANDLORD and TENANT waive the right to demand a jury trial concerning any litigation between LANDLORD and TENANT regarding enforcement of the terms and conditions of this lease.

**UTILITIES:** LANDLORD is responsible for providing the following utilities only: **WATER, SEWER and GARBAGE.** The TENANT agrees to pay all charges and deposits for **all** other utilities and TENANT agrees to have all accounts for utilities immediately placed in TENANT name with accounts kept current throughout occupancy. Garbage and or trash removal is considered a utility under this lease. If the utilities which TENANT is responsible for are still in LANDLORD'S name at the time TENANT takes occupancy, TENANT agrees that LANDLORD shall order such utilities to be terminated. In the event a condominium association or homeowners association is currently providing any services to the unit such as cable, satellite TV, alarm monitoring, internet, water, sewer, trash, guarded security gate or other services and the association decides these services will no longer be provided, TENANT agrees and understands that LANDLORD shall not be required to replace, provide or pay for these removed services for TENANT. TENANT may opt to pay for non-essential services but shall be required to pay for essential services including but not limited to water, sewer and trash if the association no longer provides these services. The discontinuation of any such services by the association shall not be construed as a prohibited practice by LANDLORD nor shall it constitute a default under the lease. The failure of TENANT to retain and pay for essential services upon notice and demand by the LANDLORD shall constitute a material breach of the lease. In the event the premises is currently on well water, if the municipality or county decides to connect the premises to city/municipality water, TENANT agrees that TENANT shall be responsible for paying for the monthly water bill and monthly sewer bill if no longer on septic and shall place the water/sewer utility in TENANT'S name unless prohibited by the municipality to avoid any interruption in service. If TENANT surrenders the premises early, abandons the premises, or is evicted, TENANT shall remain responsible for all accruing utility charges otherwise the responsibility of the TENANT under the lease. Tenant is responsible for any cost related to the installation and/or maintenance of phone lines, cable lines, outlets and/or jacks, if Tenant chooses to have phone land line service and/or cable service.

**VEHICLES:** Vehicle(s) must be currently licensed, owned by TENANT, registered, operational and properly parked. TENANT agrees to abide by all parking rules established now or in the future by LANDLORD or condo /homeowner association's rules, if applicable. No trailers, campers, vehicles on blocks, motorcycles, boats or commercial vehicles are allowed on or about the premises without LANDLORD'S prior written approval. TENANT is not to repair or disassemble vehicles on the premises. Vehicles not meeting the above requirements and additional rules of LANDLORD are unauthorized vehicles subject to being towed at TENANT expense. Parking on the grass is prohibited. TENANT agrees to indemnify LANDLORD for any expenses incurred due to the towing of any vehicle belonging to the guest or invitee of TENANT. TENANT agrees that only the following vehicles will be parked on the premises: 2008 Chevy Corvette and 2001 Nissan Xterra.

**MAINTENANCE/INSPECTION:** TENANT agrees that they have fully inspected the premises and accepts the condition of the premises in 'as is' condition with no warranties or promises express or implied. TENANT shall maintain the premises in good, clean and tenantable condition throughout the tenancy, keep all plumbing fixtures in good repair, use all electrical, plumbing, heating, cooling, appliances and other equipment in a reasonable manner, removing all garbage in a clean and sanitary manner. In the event TENANT or TENANT'S guests or invitees cause any damage to the premises, LANDLORD may at its option repair same and TENANT shall pay for the expenses of same on demand or LANDLORD

may require TENANT repair same, all charges incurred as additional rent. TENANT is responsible for the expense of any service calls requested by TENANT deemed to be unwarranted or unnecessary by the service technician, or if the service technician deems the service call need is due to the TENANT'S misuse, or if the service technician is unable to gain access due to TENANT'S actions, even if the other terms of this lease would ordinarily make the LANDLORD responsible for such a service call charge. **TENANT shall also be fully responsible for, and agrees to maintain and repair at TENANT'S expense, the following: A/C FILTERS, LOCKS/KEYS, LIGHT BULBS, SMOKE ALARMS, SMOKE ALARM BATTERIES, SCREENS, EXTERMINATION INTERIOR, EXTERMINATION EXTERIOR, WASHER, DRYER, CARBON MONOXIDE DETECTORS, FIRE EXTINGUISHERS and BLIND(S).** In the event a major repair to the premises must be made which will necessitate the TENANT'S vacating the premises, LANDLORD may at its option terminate this agreement and TENANT agrees to vacate the premises holding LANDLORD harmless for any damages suffered if any. TENANT shall notify LANDLORD immediately of any maintenance need or repair in writing. TENANT agrees that they shall immediately test each smoke detector and shall maintain same. In the event there is a garbage disposal on the premises, LANDLORD has the option to remove the garbage disposal if it fails and re-plumb accordingly. TENANT is responsible for replacing dead light bulbs. In the event the light bulbs cannot be replaced with the same type of bulb due to law changes and lack of availability, TENANT agrees to replace the bulbs with an equivalent wattage CFL or LED bulb. In the event the refrigerator has a water filter, TENANT shall be responsible for purchasing and changing the water filter, as needed. In the event the TENANT is responsible for paying for LP/Propane gas, TENANT shall pay the fees and costs associated with the rental of the tank. If any plumbing issues result from TENANT and/or guests flushing anything into the toilet other than human waste and toilet paper, TENANT shall be responsible for any costs or charges incurred. TENANT acknowledges ice maker, water dispenser/filter cartridge on refrigerator and water softener system are for TENANT convenience only. LANDLORD will not repair or replace should they become inoperable, but TENANT will be financially responsible if damage attributable to TENANT.

**VACATING:** At the expiration of this agreement or any extension, TENANT shall peaceably surrender the premises and turn in all keys and any other property owned by LANDLORD leaving the premises in good, clean condition, ordinary wear and tear excepted. TENANT agrees to have the carpeting cleaned professionally upon move-out or will incur a minimum cleaning charge for the above referenced flooring to be deducted from the security deposit in the amount of $250.00. In the event all keys are not returned upon move-out, there will be a minimum charge to be deducted from the security deposit in the amount of $250.00. In addition to any cleaning charges or any other charges due under the terms of this lease, TENANT agrees to a mandatory minimum unit cleaning charge to be deducted from the security deposit in the amount of $250.00.

**END OF TERM:** No month-to-month tenancies will be allowed. Unless a new lease is executed prior to the expiration date of this lease, TENANT must fully vacate the premises as of the lease expiration date, or TENANT shall additionally be liable for holdover (double) rent thereafter and subject to eviction as a holdover tenancy without further notice.

**RIGHT OF ENTRY:** LANDLORD, upon reasonable notice by telephone, hand-delivery or posting to TENANT, has the right of entry to the premises for showing, repairs, appraisals, inspections, or any other reason. LANDLORD has immediate right of entry in cases of emergency, or to protect or preserve the premises. TENANT shall not alter or add locks without prior written consent. If consent is given, TENANT must provide LANDLORD with a key to all locks. LANDLORD may place "For Sale" or "For Rent" signs on the premises at any time.

**CONDEMNATION, DAMAGE TO PREMISES, ACTS OF GOD and TERMINATION:** If for any reason the premises are condemned by any governmental authority, destroyed, rendered uninhabitable, rendered dangerous to persons or property, and/or damaged through fire, water, smoke, wind, flood, act of God, nature or accident, or, if it becomes necessary, in the opinion of LANDLORD or its AGENT, that TENANT must vacate the premises in order for repairs to the premises to be undertaken, this lease shall, at LANDLORD'S option and upon 7 days written notice to TENANT, cease and shall terminate, TENANT agrees to and shall vacate and TENANT, if not in default of the lease, shall owe no further rent due under the terms of the lease. In such case, TENANT hereby waives all claims against LANDLORD for any damages suffered by such condemnation, damage, destruction or lease termination. TENANT agrees that in the event there are hurricane or storm shutters on the premises, TENANT will install same if there is a hurricane or tropical storm watch or warning in effect and/or at the request of the LANDLORD. If TENANT is unable to perform this task for any reason, TENANT agrees to notify LANDLORD as soon as any storm watch or warning is placed into effect.

**MOLD:** LANDLORD reserves the right to terminate the tenancy and TENANT(s) agree to vacate the premises in the event LANDLORD in its sole judgment feels that either there is mold or mildew present in the dwelling unit which may pose a safety or health hazard to TENANT(s) or other persons and/or TENANT(s) actions or inactions are causing a condition which is conducive to mold growth. In the event it is determined by an HVAC or mold professional that TENANT is failing to use the air conditioning, and this is causing mold or mildew, LANDLORD shall have the right to terminate the lease agreement by giving the TENANT no less than 7 Days' Notice and hold TENANT responsible for any damages caused by mold or mildew.

Initials   B.A.W.

**WAIVERS:**  The rights of the LANDLORD under this lease shall be cumulative, and failure on the part of the LANDLORD to exercise promptly any rights given hereunder shall not operate to forfeit any other rights allowed by this lease or by law.

**INDEMNIFICATION:**  TENANT agrees to reimburse LANDLORD upon demand in the amount of the loss, property damage, or cost of repairs or service (including plumbing trouble) caused by the negligence or improper use by TENANT, or TENANT'S agents, family or guests. TENANT at all times, will indemnify and hold harmless LANDLORD from all losses, damages, liabilities and expenses which can be claimed against LANDLORD for any injuries or damages to the person or property of any persons, caused by the acts, omissions, neglect or fault of TENANT, or TENANT'S agents, family or guests, or arising from TENANT'S failure to comply with any applicable laws, statutes, ordinances or regulations.

**DISPUTES AND LITIGATION:**  In the event of a dispute concerning the tenancy created by this agreement, TENANT agrees that whether or not the premises are being actively managed by an AGENT for the record OWNER, TENANT agrees to hold AGENT, its heirs, employees and assigns harmless and shall look solely to the record OWNER of the premises in the event of a legal dispute.

**INTEGRATION:**  This lease and exhibits and attachments, if any, set forth the entire agreement between LANDLORD and TENANT concerning the premises, and there are no covenants, promises, agreements, conditions, or understandings, oral or written between them other than those herein set forth. If any provision in this agreement is illegal, invalid or unenforceable, that provision shall be void but all other terms and conditions of the agreement shall be in effect.

**MODIFICATIONS:**  No subsequent alteration, amendment, change or addition to this lease shall be binding upon LANDLORD unless reduced to writing and signed by the parties.

**RADON GAS:**  State law requires the following notice to be given: "Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county public health unit."

**ABANDONED PROPERTY:  BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER, ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PERSONAL PROPERTY.**

**ADDITIONAL STIPULATIONS:**
1) TENANT acknowledges all work orders must be placed through the OWNER.
2) TENANT, at TENANT'S expense, is responsible for 100% of repair expenses due to TENANT negligence or intentional acts and/or if TENANT initiates their own service call or unnecessary service calls.
3) In the event TENANT wishes to activate security system (if applicable), TENANT would be responsible for any costs related to the alarm system, including, but not limited to, activation fees, false alarm fines, repair fees, and monitoring fees. TENANT agrees to notify LANDLORD in writing of alarm codes.
4) TENANT, at TENANT'S expense, is responsible for maintenance of water conditioning system, to include salt and/or potassium and/or chlorine as required on a scheduled basis.
5) TENANT agrees to water use in accordance with City/County water restrictions. In the event TENANT is not in accordance with City/County water restrictions and a fine is imposed, TENANT, at TENANT'S expense, is responsible for payment of said fine(s). TENANT acknowledges Hillsborough County Newsletter has the appropriate water use schedule and TENANT may sign up for newsletter at http://www.hillsboroughcounty.org/list.aspx.

**ACCEPTANCE BY FACSIMILE AND/OR BY ELECTRONIC SIGNATURE BY ANY OF THE PARTIES SHALL CONSTITUTE VALID BINDING ACCEPTANCE OF THIS LEASE AGREEMENT AND ITS ADDENDA:
MOLD ADDENDUM**

## *SIGNATURE PAGE*

_____ TENANT
Blake Warner


_____ OWNER
Antonio J. Ruggieri

This lease has been drafted by the Law Offices of Heist, Weisse & Wolk, P.A. 1 800 253 8428
Reference #821629

Initials _____

## *SIGNATURE PAGE*

_____ TENANT
Blake Warner


_____ OWNER
Antonio J. Ruggieri

This lease has been drafted by the Law Offices of Heist, Weisse & Wolk, P.A. 1 800 253 8428
Reference #821629

Page 6                    Initials____B.A.V._____

# MOLD ADDENDUM TO LEASE

**THIS ADDENDUM IS AGREED TO AND SHALL BE MADE PART OF THE LEASE AGREEMENT BETWEEN Antonio J. Ruggieri (OWNER OR AGENT) AND Blake Warner (TENANTS) FOR THE PREMISES LOCATED AT 3002 W. Cleveland St., Unit C8, Tampa, FL 33609-3182.**

**MOLD: Mold consists of naturally occurring microscopic organisms which reproduce by spores. Mold breaks down and feeds on organic matter in the environment. The mold spores spread through the air and the combination of excessive moisture and organic matter allows for mold growth. Not all, but certain types and amounts of mold can lead to adverse health effects and/or allergic reactions. Not all mold is readily visible, but when it is, can often be seen in the form of discoloration, ranging from white to orange and from green to brown and black, and often there is a musty odor present. Reducing moisture and proper housekeeping significantly reduces the chance of mold and mold growth.**

**CLIMATE CONTROL: TENANT(s) agree to use all air-conditioning, if provided, in a reasonable manner and use heating systems in moderation and to keep the premises properly ventilated by periodically opening windows to allow circulation of fresh air during dry weather only. OWNER OR AGENT RECOMMENDS THAT AIR CONDITIONING IS USED AT ALL TIMES IF UNIT HAS AIR CONDITIONING.**

**TENANT(S) AGREE TO:**

- KEEP THE PREMISES CLEAN AND REGULARLY DUST, VACUUM AND MOP
- USE HOOD VENTS WHEN COOKING, CLEANING AND DISHWASHING
- KEEP CLOSET DOORS AJAR
- AVOID EXCESSIVE INDOOR PLANTS
- USE EXHAUST FANS WHEN BATHING/SHOWERING AND LEAVE ON FOR A SUFFICIENT AMOUNT OF TIME TO REMOVE MOISTURE
- USE CEILING FANS IF PRESENT
- WATER ALL INDOOR PLANTS OUTDOORS
- WIPE DOWN ANY MOISTURE AND/OR SPILLAGE
- WIPE DOWN BATHROOM WALLS AND FIXTURES AFTER BATHING/SHOWERING
- WIPE DOWN ANY VANITIES/SINK TOPS
- AVOID AIR DRYING DISHES
- NOT DRY CLOTHES BY HANG DRYING INDOORS
- REGULARLY EMPTY DEHUMIDIFIER IF USED

- OPEN BLINDS/CURTAINS TO ALLOW LIGHT INTO PREMISES
- WIPE DOWN FLOORS IF ANY WATER SPILLAGE
- SECURELY CLOSE SHOWER DOORS IF PRESENT
- LEAVE BATHROOM AND SHOWER DOORS OPEN AFTER USE
- WIPE DOWN WINDOWS AND SILLS IF MOISTURE PRESENT
- USE DRYER IF PRESENT FOR WET TOWELS
- USE HOUSEHOLD CLEANERS ON ANY HARD SURFACES
- REMOVE ANY MOLDY OR ROTTING FOOD
- REMOVE GARBAGE REGULARLY
- WIPE DOWN ANY AND ALL VISIBLE MOISTURE
- INSPECT FOR LEAKS UNDER SINKS
- CHECK ALL WASHER HOSES IF APPLICABLE

**TENANT(S) AGREE TO REPORT IN WRITING:**

- VISIBLE OR SUSPECTED MOLD
- ALL A/C OR HEATING PROBLEMS OR ABNORMALITIES
- LEAKS, MOISTURE ACCUMULATIONS, MAJOR SPILLAGE
- PLANT WATERING OVERFLOWS
- SHOWER/BATH/SINK/TOILET OVERFLOWS
- LEAKY FAUCETS, PLUMBING, PET URINE ACCIDENTS
- ANY AND ALL MOISTURE AND MUSTY ODORS

- DISCOLORATION OF WALLS, BASEBOARDS, DOORS, WINDOW FRAMES, CEILINGS
- MOLDY CLOTHING, REFRIGERATOR AND A/C DRIP PAN OVERFLOWS
- MOISTURE DRIPPING FROM OR AROUND ANY VENTS, A/C CONDENSER LINES
- LOOSE, MISSING OR FAILING GROUT OR CAULK AROUND TUBS, SHOWERS, SINKS, FAUCETS, COUNTERTOPS, CLOTHES DRYER VENT LEAKS

**SMALL AREAS OF MOLD:** If mold has occurred on a small non-porous surface such as ceramic tile, formica, vinyl flooring, metal, or plastic and the mold is not due to an ongoing leak or moisture problem, TENANT(s) agree to clean the areas with soap (or detergent) and a small amount of water, let the surface dry, and then, within 24 hours apply a non-staining cleaner such as Lysol Disinfectant, Pine-Sol Disinfectant (original pine-scented), Tilex Mildew Remover, or Clorox Cleanup.

**TERMINATION OF TENANCY:** OWNER or AGENT reserves the right to terminate the tenancy and TENANT(s) agree to vacate the premises in the event OWNER or AGENT in its sole judgment feels that either there is mold or mildew present in the dwelling unit which may pose a safety or health hazard to TENANT(s) or other persons and/or TENANT(s) actions or inactions are causing a condition which is conducive to mold growth.

**INSPECTIONS:** TENANT(S) agree that OWNER or AGENT may conduct inspections of the unit at any time with reasonable notice.

**VIOLATION OF ADDENDUM:** IF TENANT(S) FAIL TO COMPLY WITH THIS ADDENDUM, TENANT(s) will be held responsible for property damage to the dwelling and any health problems that may result. Noncompliance includes but is not limited to TENANT(s) failure to notify OWNER or AGENT of any mold, mildew or moisture problems immediately IN WRITING. Violation shall be deemed a material violation under the terms of the Lease, and OWNER or AGENT shall be entitled to exercise all rights and remedies it possesses against TENANT(S) at law or in equity and TENANT(S) shall be liable to OWNER for damages sustained to the Leased Premises. TENANT(S) shall hold OWNER and AGENT harmless for damage or injury to person or property as a result of TENANT(S) failure to comply with the terms of this Addendum.

**HOLD HARMLESS:** If the premises is or was managed by an AGENT of the OWNER, TENANT(S) shall hold AGENT harmless and shall look solely to the property OWNER in the event of any litigation or claims concerning injury, damage or harm suffered due to mold.

**PARTIES:** THIS ADDENDUM IS BETWEEN THE TENANT(S) AND OWNER AND/OR AGENT MANAGING THE PREMISES. THIS ADDENDUM IS IN ADDITION TO AND MADE PART OF THE LEASE AGREEMENT AND IN THE EVENT THERE IS ANY CONFLICT BETWEEN THE LEASE AND THIS ADDENDUM, THE PROVISIONS OF THIS ADDENDUM SHALL GOVERN.

This lease has been drafted by the Law Offices of Heist, Weisse & Wolk, P.A.  1 800 253 8428
Reference #821629

Tenant(s) agree to hold Florida State Unlimited Realty, Inc, Property Manager, Broker, Agent and/or Employees completely harmless for any loss of any Security Deposits, pet or other fees or rent monies paid once transferred to the Owner(s) or any deductions Owner(s) may make from the Security Deposit in full or part.  In the event of any litigation or disputes regarding any Security Deposits, fees or rental funds Tenant(s) shall look solely to the Owner(s) of the premises and shall not institute any litigation against  Florida State Unlimited Realty, Inc Property Manager, Broker, Agent and Employees.

_____TENANT

_____TENANT

_____AGENT