UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiff,

v.                                          Case No. 8:22-cv-01977-MSS-SPF

HILLSBOROUGH COUNTY
CLERK OF COURTS,

    Defendant.

_____/

**PARTIES' JOINT STATEMENT OF
UNDISPUTED FACTS FOR SUMMARY
JUDGMENT**

The parties jointly submit this statement of undisputed facts for purposes of their cross motions for summary judgment. Defendant Hillsborough County Clerk of Court is without firsthand knowledge regarding the facts in paragraphs 1 with respect to ex. H, 6, 9, and 21–22 of this filing, but is treating those facts as undisputed for these purposes. Accordingly, the Court may treat all facts in this joint filing as undisputed for purposes of the parties' cross motions for summary judgment.

    1.    This statement of undisputed facts includes the following exhibits, which the parties agree are authentic:

- Exhibit A: Receipts for the two court registry deposits by Mr. Warner.

- Exhibit B: Mr. Warner's June 22, 2018, notice of change of address.

- Exhibit C: Minutes from the October 9, 2018, hearing.

- Exhibit D: Letters from the Clerk's office regarding the court registry funds.

- Exhibit E: July 9, 2021, La Gaceta newspaper.

- Exhibit F: Transcript of the January 30, 2023, deposition of Patrick Manteiga.

- Exhibit G: La Gaceta mailing forms.

- Exhibit H: Mr. Warner's e-file registration confirmation.

- Exhibit I: Mr. Warner's demand letter in this action.

- Exhibit J: The Clerk's response to Mr. Warner's demand letter in this action.

2. Mr. Warner was the defendant in an eviction action in Hillsborough County Court, *Boutique Apartments LLC v. Warner*, Case No. 18-cc-22377.

3. As part of the *Boutique Apartments* litigation, Mr. Warner deposited a total of $3,600 into the court registry pursuant to Florida Statute § 83.60 and the court's May 10, 2018, order. Exhibit A.

4. In the *Boutique Apartments* litigation, the court issued an order directing Mr. Warner to pay $1,699 per month into the registry; Mr. Warner chose to pay an additional $101 per month, which also went into the registry as part of the case.

70844973;2

5. Mr. Warner's address at the beginning of the *Boutique Apartments* litigation that he included on his filings in that case was 3012 W. De Leon St., Apt. 23, Tampa, Florida 33609.

6. On June 22, 2018, Mr. Warner moved to 502 S. Fremont Ave. #1322, Tampa, Florida 33606.

7. In the *Boutique Apartments* litigation, on June 22, 2018, Mr. Warner filed a notice of change of address, updating his address for the case to the 502 S. Fremont Ave. address. Exhibit B.

8. Mr. Warner did not file any subsequent notices of changes of address with the court in the *Boutique Apartments* litigation.

9. On June 23, 2018, Mr. Warner formally abandoned the apartment that was the subject of the eviction in the *Boutique Apartments* litigation.

10. On August 24, 2018, the landlord (plaintiff) in the *Boutique Apartments* litigation moved to have the court release the registry funds to it.

11. On October 9, 2018, the court held a hearing in the *Boutique Apartments* litigation, both on the landlord's motion to release the registry funds and its motion to dismiss Mr. Warner's counterclaims that he had filed in the action.

12. In the *Boutique Apartments* litigation, at the October 9 hearing, the court granted in part and denied in part the landlord's motion to dismiss,

and directed the landlord to submit a proposed order disbursing the registry funds to the landlord. Exhibit C.

13. After the October 9 hearing, the landlord and Mr. Warner entered into a verbal agreement under which Mr. Warner would abandon his remaining counterclaims, and in exchange the landlord would allow Mr. Warner to claim the court registry funds.

14. Neither the landlord nor Mr. Warner filed any proposed orders seeking disbursement of the court registry funds, and the court never entered an order requiring disbursement.

15. In the *Boutique Apartments* litigation, from February 24, 2020, to April 10, 2020, the court received thirteen returned mail notices for notices that had been mailed to Mr. Warner's 502 S. Fremont Ave. address.

16. On June 12, 2020, the court dismissed the entire *Boutique Apartments* case for lack of prosecution.

17. On February 18, 2021, the Clerk mailed letters to the landlord entities and Mr. Warner (at his 502 S. Fremont Ave. address) notifying them of the funds remaining in the court registry and the pending escheatment to the State of those funds if the parties did not claim them. Exhibit D.

18. The Clerk did not electronically serve Mr. Warner at his e-mail address with any items during the *Boutique Apartments* litigation.

19. On July 9, 2021, the newspaper La Gaceta published a list of unclaimed court funds in its paper, which included an entry for "BOUTIQUE APARTMENTS LLC, BROOKLYN FLATS VS WARNER, BLAKE 18-CC-022377 05/24/2018 *717.133 $3,600." Exhibit E.

20. On September 1, 2021, the Clerk deposited the registry funds from the *Boutique Apartments* litigation into the fine and forfeiture fund for public use.

21. Mr. Warner registered for an e-file account on myfloridaaccess.com on April 28, 2018, setting his e-mail address to blake@null3d.com, his phone number to (212) 542-0055, and his mailing address to 6220 S. Kelly Road, Tampa, Florida 33611. Exhibit H.

22. The 6220 S. Kelly Road address is where Mr. Warner's mother lives, and he received mail at that address from 2017 through 2022.

23. The parties do not dispute that the exhibits listed under paragraph 1 of this joint statement of undisputed facts are authentic and speak for themselves.

70844973;2

Respectfully submitted,

/s/ *Blake Warner*
**Blake Warner, *plaintiff pro se***
2211 S. Village Ave.
Tampa, Florida 33612
blake@null3d.com

/s/ *Jason L. Margolin*
**Jason L. Margolin, Esq.**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**Gregg M. Moran, Esq.**
Florida Bar No. 1011060
gregg.moran@akerman.com
ava.hill@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of June 2023, I filed the foregoing using the Court's e-portal, and am sending a courtesy copy to Blake Warner at blake@null3d.com.

                                                  /s/ *Jason L. Margolin*
                                                Counsel for Defendant

70844973;2