IN THE TWELFTH JUDICIAL CIRCUIT COURT
IN AND FOR SARASOTA COUNTY, FLORIDA

BAC HOME LOANS SERVICING,
     Plaintiff,

                                 Case No.: 2010-CA-9403-NC

v.

                                 Div. E

KENNETH BRAND,
     Defendant.

_____

**ORDER (1) OVERRULING DEFENDANT BRAND'S OBJECTION TO
CERTIFICATE OF SALE; (2) FINDING THE *LA GACETA* NEWSPAPER
MEETS ALL STATUTORY REQUIREMENTS FOR PUBLISHING LEGAL
NOTICES IN SARASOTA COUNTY; (3) DIRECTING THE CLERK
TO ISSUE CERTIFICATE OF TITLE;
<u>AND (4) DIRECTING THE CLERK TO CLOSE THIS CASE</u>**

BEFORE THE COURT is Defendant Kenneth Brand's "Objection to

Certificate of Sale, Objection to the September 14, 2018 Foreclosure Sale, and

Objection to Issuance of the Certificate of Title," filed September 21, 2018. In

brief, Mr. Brand contends the *La Gaceta* newspaper does not qualify statutorily in

Sarasota County to publish legal notices, and thus, he contends the foreclosure sale

was invalid because of noncompliance with the notice requirements before the

sale. Because the *La Gaceta* newspaper complies with all statutory requirements

for publishing legal notices, the Court overrules Mr. Brand's objection.

<u>**Factual Findings**</u>

With the consent of the parties, on October 25, 2018 the Court conducted an

evidentiary hearing on Mr. Brand's motion. Mr. Brand called one witness, Ronald

MSJ EX. 01

"Patrick" Manteiga, whom Mr. Brand had subpoenaed and, in another case, previously deposed. Through this witness, Mr. Brand also introduced 9 exhibits.

Based on the evidence before the Court, the Court finds as follows:

1.   On July 30, 2018, the Court entered its Final Judgment of Foreclosure. Despite Mr. Brand's unsuccessful efforts to stay the foreclosure sale pending appeal, the Clerk of the Court sold the property at public sale on September 14, 2018, as directed in the foreclosure judgment.

2.   Plaintiff caused the statutory Notice of Sale to be published in the *La Gaceta* newspaper on August 17, 2018 and then again on August 24, 2018. Patrick Manteiga executed a publisher's affidavit on August 24, 2018, and it was filed with the Clerk the same day.

3.   On September 14, 2018, the Clerk conducted a sale of Mr. Brand's foreclosed property. That same day, the Clerk issued a Certificate of Sale. On September 21, Mr. Brand filed his objection to the sale. Because of the timely objection, the Clerk has not issued a Certificate of Title.

4.   The *La Gaceta* newspaper serves, and is published in, ten counties in the Tampa Bay region: Citrus, Hernando, Hillsborough, Manatee, Orange, Osceola, Pasco, Pinellas, Polk, and Sarasota.

5.   Roland "Patrick" Manteiga is the current owner and publisher of *La Gaceta*. Mr. Manteiga has worked at *La Gaceta* since approximately 1983. He has owned and published it since his father died in 1998. The *La Gaceta* newspaper traces its origins to, and has been published since, the 1920s. Mr. Manteiga's grandfather started *La Gaceta*.

6.   *La Gaceta* newspaper contains three separate languages: English, Spanish, and Italian. At least 25% of the newspaper's words is in the English language.[1] It is the Tampa Bay region's only trilingual newspaper.

---

[1] Although legally irrelevant to the motion but of historical interest, Mr. Manteiga testified how his family persuaded the Legislature decades ago to include the "at least 25% of its words in the English language" requirement in present day section 50.011, Florida Statutes.

7.  *La Gaceta* is published once a week, every week, in each of these ten counties. *La Gaceta* distributes the same edition in all ten counties. There is no county-specific edition. *La Gaceta* is printed in Polk County and then brought to *La Gaceta's* main office in Hillsborough. From there, it is sent to the various counties, including Sarasota County. *La Gaceta* prints a total of approximately 4,000 print copies of its newspaper each week to be distributed throughout the ten-county region.

8.  While *La Gaceta* focuses on the Latin community, *La Gaceta* publishes articles and column pieces that contain information of a public character and of interest or value to both Sarasota County residents and the general public at large. For instance, *La Gaceta* recently has published stories on red tide, green algae, social security, hunting and fishing, and women's rights to name a few. *La Gaceta* maintains a paid membership in Florida News Services and has the right to use stories from that outlet. *La Gaceta* also has the right through various news service subscriptions to publish news stories, horoscopes, crossword puzzles, Sudoku, and cartoons.

9.  *La Gaceta* employs fewer than six employees; however, it has numerous independent contractors.

10. *La Gaceta* expanded into Sarasota in the 2012-2013 time-frame, and it has been distributing papers in Sarasota every week since that time.

11. *La Gaceta* weekly delivers papers to approximately five locations within Sarasota County. At each of those delivered-to locations, *La Gaceta* leaves 10 copies of the paper for distribution. A couple of the locations *La Gaceta* identified—while bearing a Sarasota address— are in Manatee County in the Whitfield/Oneco area and are not included in the total for Sarasota County.

12. *La Gaceta* previously obtained a Second Class permit through the United States Postal Service (USPS), which includes Sarasota County. The USPS changed the name from Second Class to Periodical mail, although there has been no substantive change to the nature of the qualifications for that class of mail.

13. In addition to those papers left at various locations for distribution to the general public, *La Gaceta* mails approximately 19 newspapers each week into Sarasota County. The mailing list contains the name and address of five county commissioners at the County's main office; four of those individuals are former commissioners who are no longer on the commission. At least two of the other 19 individuals identified on *La Gaceta*'s mailing list are no longer at the address on the list.

14. *La Gaceta*'s circulation of the paper copy of its newspaper in Sarasota County is less than 75 copies per week.

15. The *La Gaceta* newspaper is sold within Sarasota County. Of the number of newspapers mailed into Sarasota each week, four are paid subscriptions at $40 per year each. *La Gaceta* maintains a small satellite office in Sarasota. While *La Gaceta* does not focus on expanding paid sales of newspapers, as this is not where it derives the vast majority of its revenue, it happily would take anyone's money who wishes to buy its newspaper.

16. *La Gaceta* maintains a website. It places on its website the same legal notices it publishes in its newspaper edition. *La Gaceta* does not charge a fee to access the legal notices on its website.

17. As required by section 50.0211, Florida Statutes, *La Gaceta* submits these same legal notices to the statewide repository of legal notices maintained by the Florida Press Association. The legal notices are published on the website www.floridapublicnotices.com. There is a link to this website on *La Gaceta's* homepage of its website.

18. Various governmental entities throughout the Tampa Bay region use *La Gaceta* to publish legal notices.

## Analysis

Mr. Brand timely objected to the Notice of Sale, precluding the issuance of

the Certificate of Title by the Clerk. See § 45.031(5), Fla. Stat. (2018). He based

his objection on a claimed violation of those statutes regulating notices of sale of

foreclosed properties. He contends generally that *La Gaceta* is not a newspaper of general circulation within Sarasota County because *La Gaceta* publishes, at most, 75 print copies within the county. Mr. Brand's objection is overruled.

There are several statutes regulating notices of sale in foreclosure cases. Section 45.031(2) provides in relevant part: "Notice of sale shall be published once a week for 2 consecutive weeks in a newspaper of general circulation, as defined in chapter 50, published in the county where the sale is to be held. The second publication shall be at least 5 days before the sale." Mr. Brand's contention focuses solely on the general circulation portion of section 45.031(2).

Nothing in chapter 50 establishes a minimum number of paper copies to be distributed within a county or other measure of total circulation to qualify as a newspaper of general circulation. Interestingly, there is no express definition of "newspaper of general circulation" within chapter 50. Instead, the Legislature mandated certain criteria a publication must meet to qualify to publish a legal notice. Those requirements—paraphrased—applicable to Sarasota County include:

➢ The paper must be published a minimum of once a week (§50.011, Fla. Stat.);

➢ The paper must contain at least 25% of its words in English (§50.011, Fla. Stat.);

➢ The paper must hold a periodical permit from the post office within Sarasota (§§ 50.011 and 50.031, Fla. Stat.);

Page 5 of 10

> ➢ The paper must contain information of a public character or interest to Sarasota residents or the general public (§50.011, Fla. Stat.); and

> ➢ The paper must have been in existence for at least one year prior to publishing legal notices (§50.031, Fla. Stat.).

See §§ 50.011 and 50.031, Fla. Stat. [2]

---

[2] Section 50.011 provides:

   **Where and in what language legal notices to be published.**—Whenever by statute an official or legal advertisement or a publication, or notice in a newspaper has been or is directed or permitted in the nature of or in lieu of process, or for constructive service, or in initiating, assuming, reviewing, exercising or enforcing jurisdiction or power, or for any purpose, including all legal notices and advertisements of sheriffs and tax collectors, the contemporaneous and continuous intent and meaning of such legislation all and singular, existing or repealed, is and has been and is hereby declared to be and to have been, and the rule of interpretation is and has been, a publication in a newspaper printed and published periodically once a week or oftener, containing at least 25 percent of its words in the English language, entered or qualified to be admitted and entered as periodicals matter at a post office in the county where published, for sale to the public generally, available to the public generally for the publication of official or other notices and customarily containing information of a public character or of interest or of value to the residents or owners of property in the county where published, or of interest or of value to the general public.

Section 50.031 provides:

   **Newspapers in which legal notices and process may be published.**—No notice or publication required to be published in a newspaper in the nature of or in lieu of process of any kind, nature, character or description provided for under any law of the state, whether heretofore or hereafter enacted, and whether pertaining to constructive service, or the initiating, assuming, reviewing, exercising or enforcing jurisdiction or power, by any court in this state, or any notice of sale of property, real or personal, for taxes, state, county or municipal, or sheriff's, guardian's or administrator's or any sale made pursuant to any judicial order, decree or statute or any other publication or notice pertaining to any affairs of the state, or any county, municipality or other political subdivision thereof, shall be deemed to have been published in accordance with the statutes providing for such publication, unless the same shall have been published for the prescribed period of time required for such publication, in a newspaper which at the time of such publication shall have been in existence for 1 year and shall have been entered as periodicals matter at a post office in the county where published, or in a newspaper which is a direct successor of a newspaper which together have been so published; provided, however, that nothing herein contained shall apply where in any county there shall be no

Page 6 of 10

As the Court found as fact, *La Gaceta* meets or exceeds each of these statutory qualifications. While Mr. Brand contends *La Gaceta* is focused more on Tampa than Sarasota, *La Gaceta's* stories need not focus on matters exclusively of interest to Sarasota. The statute does not use the term exclusively. And the Court questions whether there ever could be a story that is only of interest in Sarasota to the exclusion of residents of all other counties. Be that as it may, the Court would be hard pressed to find that stories on red tide, green algae, social security, and women's issues are not of interest to Sarasota residents. The nature of *La Gaceta's* stories more than amply meet the statutory qualification within Sarasota County.

Mr. Brand next contends that <u>Sarasota Herald-Tribune v. Sarasota County</u>, 632 So. 2d 606 (Fla. 2d DCA 1993), supports his contention that *La Gaceta* does not qualify under sections 50.011 and 50.031. It does not.

In <u>Sarasota Herald-Tribune</u>, a newspaper in Sarasota sought a declaratory judgment on the question of whether legal notices must be included within the full run of its paper—115,000 print copies—or a limited run of 9,000 copies. Importantly, the 9,000 number was not set by statute but rather by the County's unique bid specification. The trial court construed sections 50.011 and 50.031 to

_____

newspaper in existence which shall have been published for the length of time above prescribed. No legal publication of any kind, nature or description, as herein defined, shall be valid or binding or held to be in compliance with the statutes providing for such publication unless the same shall have been published in accordance with the provisions of this section. Proof of such publication shall be made by uniform affidavit.

require publication in the paper's full run. In reversing, the Second District noted

nothing in the statutes required legal notices to be included in a full run.

> There is no language in sections 50.011, 50.031, or 197.402, to
> indicate that the legislature intended that legal notices be published in
> the full run of a newspaper. Courts are not authorized to embellish
> legislative requirements with their own notions of what might be
> appropriate. Johnson v. Taggart, 92 So. 2d 606 (Fla.1957). If
> additional requirements are to be imposed, they should be inserted by
> the legislature.

Sarasota Herald-Tribune Co. v. Sarasota County, 632 So. 2d 606, 607 (Fla. 2d

DCA 1993). The court emphasized adherence to the statute was required. Again,

the 9,000 limited run was a bid requirement, not a statutory requirement.

The Second District's citation to Johnson is noteworthy. In Johnson, the

Florida Supreme Court rejected the contention that a newspaper was disqualified

under the statute for publishing legal notices even though that paper was only

distributed in a portion of West Palm Beach city. As that paper met the statutory

requirements, the Johnson court explained it was the Legislature's prerogative, not

the Court's prerogative, to expand upon the requirements a newspaper much

achieve to publish legal notices.

Perhaps expecting concerns raised by Mr. Brand here, the Legislature in

2012 mandated that all legal notices must be submitted for publication on a single

website address, www.floridapublicnotices.com. See ch. 2012-212, § 1, Laws of

Fla., codified at § 50.0211, Fla. Stat. While the Legislature has since fine-tuned

section 50.0211, all legal notices, statewide, must be published on this single,

searchable website. Mr. Brand's argument that *La Gaceta's* print circulation is

inadequate to provide notice is belied by the reality that anyone, worldwide, can

search for and find the legal notices associated with Mr. Brand's case through that

website. As the facts found by the Court in the factual findings section, *La Gaceta*

complies with section 50.0211, relating to the internet and website requirements.

The Notices of Sale published in *La Gaceta* complies with the statutory

requirements set forth in section 48.031 and in chapter 50 regarding legal notices.

It is therefore ORDERED and ADJUDGED:

1.  The Defendant's objections are overruled.

2.  *La Gaceta* meets all statutory requirements for publishing legal
notices in Sarasota County, and the notices of sale published in Mr. Brand's case
complied with those requirements.

3.  The Clerk shall proceed with its statutory obligation to issue the
certificate of title.

4.  The Clerk is directed to close this case as all judicial labor has been
completed.

5.  The Court reserves jurisdiction to issue any orders necessary to
enforce the final judgment in this case.

DONE AND ORDERED in Sarasota County, Florida on November 5, 2018.

Hunter W. Carroll, Circuit Judge

Page 9 of 10

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been furnished by email and First Class U.S. Mail on ____Nov. 6____, 2018 to:


Jennifer M. Scott, Esq
KASS SCHULER, P.A.
1505 N. Florida Ave.
Tampa, FL  33602
jscott@kasslaw.com
foreclosureservice@kasslaw.com
*Attorneys for Plaintiff*

H. Daniel McKillop, Esq.
Jeremy J. Taylor, Esq.
MCKILLOP LAW FIRM
2350 Fruitville Road, First Floor
Sarasota, FL  34237
pleadings@mckilloplawfirm.com
dan@mckilloplawfirm.com
jtaylor@mckilloplawfirm.com
*Attorneys for Defendant Kenneth Brand*



_____
Judicial Assistant

Page 10 of 10

**Filed  11/06/2018 02:37 PM - Karen E. Rushing, Clerk of the Circuit Court, Sarasota County, FL**