# District Court of Appeal of Florida
## Second Circuit

ANNE MCQUEEN

*v.*

CAROLE BASKIN

No.  2D22-1482

**Amicus Curiae Brief of Blake Warner**

**In Support of the Position of the Plaintiff, Anne McQueen**

Blake Warner, *pro se*
3002 W Cleveland St #C8
Tampa, FL 33609
BLAKE@NULL3D.COM

(i)

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I | Table of Authorities | iii |
| II | Preface | 1 |
| III | Interest of Amicus | 1 |
| IV | Assist | 1 |
| V | Summary of the Argument | 2 |
| VI | Argument | 3 |
| 1. | Gundel | 3 |
| 2. | Jury Trial Right | 4 |
| 3. | Equal Protections Clause | 6 |
| VII | Facial Challenges | 7 |
| VIII | Conclusion | 8 |
| IX | Certificate of Service | 9 |
| X | Certificate of Compliance | 9 |

# I    Table of Authorities

Cases                                                                                                              Page

*AJ v. KAO*, 951 So. 2d 30 (Fla. 5d DCA 2007). . . . . . . . . . . . . . . . . . . . . 7

*Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015). . . . . . . . 6

*Bongino v. DAILY BEAST COMPANY, LLC*,
    477 F. Supp. 3d 1310 (S.D. Fla. 2020). . . . . . . . . . . . . . . . . . . . . 3

*Carbone v. Cable News Network, Inc.*,
    910 F.3d 1345 (11th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Davis v. Cox, 351 P.3d 862*, 183 Wash. 2d 269 (2015). . . . . . . . . . . . . . 5

*Gundel v. AV Homes*, Inc. (Fla. 2d DCA 2019). . . . . . . . . . . . . . . 2, 3, 4, 8

*KING MOUNTAIN CONDOMINIUM ASS'N, INC. v. Gundlach*,
    425 So. 2d 569 (Fla. 4d DCA 1982). . . . . . . . . . . . . . . . . . . . . . 4

*LAM v. UNIVISION COMMUNICATIONS, INC.*,
    (Fla. 3d DCA 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Leiendecker v. Asian Women United of Minn.*,
    895 N.W.2d 623 (Minn. 2017). . . . . . . . . . . . . . . . . . . . . . . . . 5

*NORTH FLA. WOMEN'S HEALTH SERVICES v. State*,
    866 So. 2d 612 (Fla. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*O'NEAL v. FLA. A & M UNIVERSITY EX REL. BD. OF TRUSTEES*,
    989 So. 2d 6 (Fla. 1d DCA 2008). . . . . . . . . . . . . . . . . . . . . . . 4

*Santiago v. Baker*, 135 So. 3d 569 (Fla. 2d DCA 2014) . . . . . . . . . . . . . . 4

*State v. Warner*, AC 37624 (Conn. App. Ct. May 3, 2016). . . . . . . . . . . . 1

*Warner v. Hearst Communications, Inc.*, (Fla. 13th Cir. Ct. 2022) . . . . . . . . . 1

Constitutional Provisions, Statutes and Rules

Fla. Const. Art. I, § 22 . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

Fla. Stat. § 768.295 . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Other Authorities

Fla. R. App. P. 9.370 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fla. R. Civ. P. 1.510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## II  Preface

Blake Warner, *pro se*, ("Warner") submits this amicus curiae brief with a motion under Fla. R. App. P. 9.370 (a) for leave of the Court to file it. As stated in the rule 9.370(a) motion, Warner respectfully requests the Court deem the amicus curiae brief filed when it grants the motion. *McQueen* has consented to the filing of this amicus, however *Baskin* opposes it.

## III  Interest of Amicus

Warner is a private citizen of Hillsborough County who was wrongfully convicted after police fabricated evidence against him[1], and a plaintiff to a currently pending defamation lawsuit regarding that subject matter[2] where he is facing the threat of an imminent anti-SLAPP motion. Warner will be bound by this court's ruling in his currently pending case. Warner's interest in this case is limited to the constitutionality of Fla. Stat. § 768.295 [3].

## IV  Assist

The amicus can assist the court in the disposition of this case by providing a unique perspective of an ordinary citizen who is directly affected by this courts ruling, and by presenting or expanding on argument of first impression that may aid the court in quickly disposing of this case.

---

[1] *see State v. Warner*, AC 37624 (Conn. App. Ct. May 3, 2016).
[2] *see Warner v. Hearst Communications, Inc.*, (Fla. 13th Cir. Ct. 2022).
[3] As required under Florida Rule of Appellate Procedure 9.370(b), Warner states his interests in the appeal submitted to the Court.

# V  Summary of the Argument

The trial court correctly applied the burden shifting framework as articulated in *Gundel v. AV Homes*, Inc. (Fla. 2d DCA 2019).[4] to defendant's anti-SLAPP motion, after plaintiff's failed to engage in that burden shifting framework and instead plead the standard motion to dismiss standard.

First, this court in *Gundel v. AV Homes*, Inc. incorrectly read the burden shifting framework from Fla. Stat. § 768.295 where no such provision exists.

Second, even absent of the *Gundel v. AV Homes*, Inc. burden shifting framework, Fla. Stat. § 768.295 is facially unconstitutional because it calls for a Judge to weigh the evidence instead of a jury, violating the plaintiff's right to a jury trial as secured by Fla. Const. Art. I, § 22.

Third, Fla. Stat. § 768.295 violates the equal protections clause, first amendment, due process clause, Art. I, § 2, Fla. Const., Art. I, § 4, Fla. Const., and Art. I, § 5, Fla. Const. by prohibiting defendants from filing anti-SLAPP motions against corporations and other legal entities, yet permits the same to be filed against natural persons and the government who engage in the same first amendment activity.

In short, this court should strike down *Id* or at the very least reverse *Gundel v. AV Homes*, Inc..

---

[4] Gundel is in direct conflict with *LAM v. UNIVISION COMMUNICATIONS, INC.*, (Fla. 3d DCA 2021).

# VI  Argument

## 1.  Gundel

*Id* shifts "the burden to the claimant to demonstrate that the claims are not 'primarily' based on First Amendment rights in connection with a public issue and not 'without merit' ", yet Fla. Stat. § 768.295 is completely devoid of any language that would impart such a burden shifting framework. The Third District "decline[d] to follow the Second District's decision in Gundel because the plain text of Florida's Anti-SLAPP statute does not impose a heightened burden on Plaintiffs.". *LAM v. UNIVISION COMMUNICATIONS*, .

"To be sure, Florida's statute authorizes the use of procedural mechanisms— the filing of a motion to dismiss or a motion for final or summary judgment.". *Bongino v. DAILY BEAST COMPANY, LLC*, 477 F. Supp. 3d 1310 (S.D. Fla. 2020).

"At bottom, Florida's statute is a garden variety fee shifting provision, which the Florida legislature enacted to accomplish a 'fundamental state policy'— deterring SLAPP suits.". *Id*

But it does not require the plaintiff "to establish 'a probability' that he 'will prevail on the claim' asserted in the complaint.". *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345 (11th Cir. 2018).

Every state and federal court that has addressed this issue, outside of the Second District, has rejected the holding in *Gundel v. AV Homes*, Inc. with respect

3

to any burden shifting or heightened burden requirements. This court should reverse *Id* here.

## 2. JURY TRIAL RIGHT

"A party seeking 'to invoke rights and remedies of the sort traditionally enforceable in an action at law,' ... had a concomitant right to trial by jury, as a matter of Florida constitutional law. *KING MOUNTAIN CONDOMINIUM ASS'N, INC. v. Gundlach*, 425 So. 2d 569 (Fla. 4d DCA 1982).. *see* Fla. Const. Art. I, § 22 ('The right of trial by jury shall be secure to all and remain inviolate.')". *O'NEAL v. FLA. A & M UNIVERSITY EX REL. BD. OF TRUSTEES*, 989 So. 2d 6 (Fla. 1d DCA 2008)..

"Juries are not a relic of our history. In both civil and criminal cases, juries serve as a check upon the concentration of power in judges and other members of the political and economic elite. As Floridians, we have constitutionally protected as 'inviolate' the right to trial by jury not because it is efficient or tidy, but because the participation of ordinary citizens is essential to a healthy balance of power within a democracy." *Santiago v. Baker*, 135 So. 3d 569 (Fla. 2d DCA 2014). Here, the Florida legislature is forcing ordinary citizens–such as Warner and McQueen–to give up their constitutional right to a jury trial for the convenience of the economic elite (such as Carol Baskin and billionaire corporations such as Hearst).

Fla. Stat. § 768.295 (4) states in part (emphasis mine):

"The person or entity may file a motion for summary judgment, together with supplemental affidavits, *seeking a determination that the claimant's or governmental entity's lawsuit has been brought in violation of this section.* The claimant or governmental entity shall thereafter file a response and any supplemental affidavits." .

Despite the statute labeling this a motion for summary judgement, it is anything but. Summary judgement is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fla. R. Civ. P. 1.510. "The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard.". *Id*. The Eleventh Circuit has already held that federal summary judgment requires "'with unmistakable clarity' that proof of probability of success on the merits 'is not required in federal courts' to avoid pretrial dismissal, and that the evidentiary sufficiency of a claim should not be tested before discovery.". *Carbone v. Cable News Network, Inc.*, 910 F.3d at .

Fla. Stat. § 768.295 –despite erroneously labeling the procedure as summary judgement–explicitly directs the court–not a jury–to weigh evidence and to enter findings of fact when the facts are in dispute in direct conflict with Fla. Const. Art. I, § 22 . The Washington Supreme Court struck down their State's anti-SLAPP law for a similar provision[5], as did the Minnesota Supreme Court[6]. The

---

[5] *see Davis v. Cox, 351 P.3d 862*, 183 Wash. 2d 269 (2015).
[6] *see Leiendecker v. Asian Women United of Minn.*, 895 N.W.2d 623 (Minn. 2017).

5

U.S. Court of Appeals neutered the District of Columbia's anti-SLAPP burden-shifting provision to that of mere summary judgement[7].

### 3. EQUAL PROTECTIONS CLAUSE

The express purpose of Fla. Stat. § 768.295 is to chill and/or censor first amendment activity that the state disfavors:

> "It is the public policy of this state that a person or governmental entity not engage in SLAPP suits because such actions are inconsistent with the right of persons to exercise such constitutional rights of free speech in connection with public issues." *Id* (1)

with the threat of monetary sanctions:

> "The court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." *Id* (4)

and denial of due process of law:

> "A person or entity sued by a governmental entity or another person in violation of this section has a right to an expeditious resolution of a claim that the suit is in violation of this section. A person or entity may move the court for an order dismissing the action or granting final judgment in favor of that person or entity. The person or entity may file a motion for summary judgment, together with supplemental affidavits, seeking a determination that the claimant's or governmental entity's lawsuit has been brought in violation of this section." *Id* (4)

Strict scrutiny analysis applies here because "laws burdening such speech are subject to strict scrutiny, which requires the Government to prove that the restriction 'furthers a compelling interest and is narrowly tailored to achieve that

---

[7] *see Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015).

interest."'. *see* Citizens United v. Federal Election Com'n, 558 U.S. 310, 130 S. Ct. 876, 175 L. Ed. 2d 753 (2010). Such laws are presumptively unconstitutional. *NORTH FLA. WOMEN'S HEALTH SERVICES v. State*, 866 So. 2d 612, . (Fla. 2003).

Fla. Stat. § 768.295 engages in speaker discrimination on it's face by allowing defendants to bring anti-SLAPP motions against *only* natural persons and the government, allowing entity plaintiffs–such as corporations–to freely engage in SLAPP first amendment activity that the state claims to disfavor. This was by design, the lawmakers knew the difference between "person", "entity", and "government" because within the same statute, they explicitly authorize "entities" to file anti-SLAPP motions[8], yet they explicitly exclude entities from the type of plaintiff's who can have an anti-SLAPP motion filed *against* them[9]

## VII   FACIAL CHALLENGES

While plaintiff did not raise these constitutional challenges at the trial court, "facial constitutional attacks and attacks involving a fundamental liberty interest, such as parental rights, may be raised for the first time on appeal. See B.C. v. Dep't of Children & Families, 864 So.2d 486, 491 (Fla. 5th DCA 2004); In Interest of D.M., 616 So.2d 1192 (Fla. 4th DCA 1993).". *AJ v. KAO*, 951 So. 2d 30 (Fla. 5d DCA 2007)..

---

[8] "A person or entity sued by a governmental entity or another person in violation of this section has a right to an expeditious resolution of a claim that the suit is in violation of this section."

[9] "A person or governmental entity in this state may not file or cause to be filed…"

## VIII  Conclusion

Even before Fla. Stat. § 768.295, defamation suits have always been a rich man's game. *Id* disproportionately affects ordinary citizens. The average citizen cannot even afford the filing fee of a defamation suit, let alone the costs paying an attorney. Their reputations are not worth much in dollars and cents, and there are no fee-shifting provisions to attract representation for these people. Often times, the downtrodden do not have much else but their reputation, and the courts more-often-than-not close their doors to them when it is harmed. It was inappropriate and unnecessary for the legislature to erect additional barriers by passing unconstitutional laws to sacrifice the constitutional rights of ordinary citizens for the convenience of the political and economic elite. The courts–through the legislature–are punching down on ordinary citizens. Ordinary–vulnerable–citizens are deserving of more protection from their government, not less.

Warner has suffered enough at the hands of his government, the least they can do is give him his due process by suffering through his pleadings without threatening to bankrupt him. Accordingly, I urge this court to reverse *Gundel v. AV Homes*, Inc. and to strike down Fla. Stat. § 768.295 as facially unconstitutional.

## IX    Certificate of Service

I certify that a copy hereof has been furnished via e-file to all counsels of record, and mailed via certified mail to:

Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL 32399-1050

## X    Certificate of Compliance

I Hereby Certify that this brief complies with the font requirements of Rule 9.210(a)(2) of the Florida Rules of Appellate Procedure.

| 7-27-2022 | *[signature]* |
|---|---|
| Date | Signature |

Blake Warner, *pro se*
3002 W Cleveland Street, #C8
Tampa, FL 33609
E-Service: BLAKE@NULL3D.COM

9