# United States District Court
## For The Middle District of Florida
### Tampa Division

Blake Warner

v.

Hillsborough County
Clerk of Courts

Case Number 8:22-CV-1977

## Declaration in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment

1. My name is Blake Warner. I am over the age of 18 years and not laboring under any disabilities. I have personal knowledge of the facts and matters below.

2. On April 25, 2018, *Affiant*'s then landlord filed an eviction, *BOUTIQUE APARTMENTS LLC v Warner* (Fla. Hillsborough Cty. Ct. Apr. 25, 2018 Case No 18-cc-22377), against *Affiant*.

3. Prior to April 2018, *Affiant* had never represented himself in the Thirteenth Judicial District of Florida (hereafter "court") with the exception of minor motor vehicle traffic citations.

1

4. *Affiant* was never directed to read any court rules, local court rules, or administrative orders.

5. *Affiant* was never provided with any *pro se* guide, and *Affiant* did not see one on the clerk's website or the court's website on or about April 2018.

6. In 2018, *Affiant* had no knowledge of any court administrative orders or local rules.

7. *Affiant* never read any of the local court rules or administrative orders before or during the pendency of BOUTIQUE APARTMENTS.

8. No one had ever told *Affiant* that he needed to file address change notices on the docket every time he moved.

9. *Affiant* believed that his contact information for the case was set in his e-file profile.

10. *Affiant* believed that by registering and using e-file in BOUTIQUE APARTMENTS, he would receive all notices electronically via his e-file account.

11. *Affiant* only posted the June 22, 2018 Notice of Change of Address so the landlord would have a forwarding address for *Affiant*'s rental deposit and to put the court on notice that *Affiant* no longer had possession of the subject dwelling. This is why *Affiant* only filed one notice.

12. *Affiant* has no special privileges on his myfloridacourtaccess e-file account, it is just a normal account that anyone from the public can register for.

13. On July 27, 2022, without having to request any permission, *Affiant* has used his e-file account to file an amicus brief—and electronically served everyone registered to receive e-service—in *ANNE MCQUEEN vs. CAROLE BASKIN, ET AL* (Fla. 2d DCA 2022) case number 2D22-1482. A true and correct copy of this amicus filing is attached as tigerking_amicus.pdf.

14. On November 7, 2022, without having to request any permission, *Affiant* has used his e-file account to file an amicus brief—and electronically served everyone registered to receive e-service—in *Mishiyev vs. Davis, ET AL*(Fla. 13th Cir. Ct. Nov. 7, 2022) case number 20-CA-8301.

15. It appears to *Affiant* that he is capable of filing and e-serving documents in any Thirteenth Judicial Circuit Court case.

16. The attached clerk_prose_guide.pdf is a true and correct copy of *Defendant*'s *pro se* website located at https://www.hillsclerk.com/Court-Services/Attorney-and-Pro-Se-Legal-Resources/Pro-Se which was downloaded on July 1, 2023.

Pursuant to 28 U.S. Code § 1746 and under penalties of perjury, I declare the foregoing is true and correct.

_____   _____

Date                                    Signature

                                        Blake Warner, *pro se*

                                        2211 S Village Ave

                                        Tampa, FL 33612

                                        E-Service: BLAKE@NULL3D.COM