# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

Hillsborough County
Clerk of Courts

Case Number 8:22-CV-1977

## Plaintiff's Reply to Defendant's Response to Plaintiff's Verified Partial Motion for Summary Judgment

## Constitutional Challenge

The Clerk mischaracterizes the challenge to F.S. 116.21 as a pure facial challenge[1], when it is both as an applied and facial challenge[2]

    The Clerk avoids the core "last known address" argument by rigidly arguing that under federal due process, the "last known address' can *only* be the physical mailing address filed with the clerk. Mr. Warner's position is that:

---

[1] "The thrust of Mr. Warner's due process argument is his suggestion that the entirety of Florida Statute § 116.21 is unconstitutional in all cases."

[2] *see* MPSJ Doc. 33 ("XI Conclusion") "Declaration that Fla. Stat. § 116.21 is unconstitutional as applied and/or on it's face;"

1

1. the "last known address" does not have to be a physical mailing address, but could be an electronic address such as e-file or email, phone number/text message, or even another more recent physical address available to the Clerk; and

2. the "last known address" is the most recent address known to the Clerk, which was *not* the physical address filed with the *closed* case. And any attempt to use state law (local court rules) to lower federal minimum due process requirements by limiting or specifying which "addresses" the Clerk can use for notification is preempted by federal law.

Especially when those very same court rules the Clerk cites explicitly authorize the Clerk to serve notices via e-mail and the clerk opted not to do so. The Clerk even had a policy (that they violated here) at the time to to serve documents to litigants via e-file[3]

## FLA. STAT. § 50.011 TEN PERCENT ABANDONED

Mr. Warner agrees with the Clerk that the 10 percent distribution requirement in Fla. Stat. § 50.011 is a disjunctive "or", and that La Gaceta satisfies § 50.011 for summary judgment purposes by being enrolled in USPS periodical mail[4]. Therefore, the Court need not address the retroactive application of § 50.011. Mr. Warner still maintains that La Gaceta's distribution to less than 0.2% of the Hillsborough County population does not satisfy federal minimum due process.

---

[3] *see* attached Exhibit B: "Effective in April 2019, the Clerk's Office will begin electronically serving various court documents to Attorneys of Record and litigants registered for e-service through the Florida Court E-Filing Portal for all civil court cases.". https://www.hillsclerk.com/Court-Services/Attorney-and-Pro-Se-Legal-Resources/Pro-Se

[4] Though Defendant cited the wrong periodical mail document.

## Cross Summary Judgment Procedure

The Clerk contends that "Mr. Warner does not address the vast majority of the Clerk's points regarding his supposed First Amendment retaliation claim" (Doc. 42). Mr. Warner did not specifically address all of the Clerk's points because he found the argument unpersuasive, cited non-binding authorities, and Mr. Warner had adequately briefed the matter in his PMSJ (Doc. 33). Mr. Warner declined to re-argue the same points six times[5]

Mr. Warner contends that it was improper for the Clerk to file a separate Motion for Summary Judgment that sought judgment on the exact same issues sought in Plaintiff's Verified Motion for Partial Summary Judgment. This created a situation where the parties were forced to argue the exact same issues multiple times, needlessly duplicating the litigation. Rather the Clerk should have sought summary judgment on those issues in it's response to Plaintiff's PMSJ which would have limited the pages (by default) to 55 (25 + 20 + 10). By duplicating the litigation, Defendant has expanded the potential pages to at least 110 pages. Mr. Warner does not believe that repeating his same arguments will make them anymore persuasive to the Court, and therefore he is standing on arguments he already made once in the cross-motions. If this is not the case, then Mr. Warner seeks leave to file supplemental responses to his Response Doc. 38 and this reply to file duplicative arguments.

---

[5]Once in the Defendant's AMJOP, once in the response, once in Plaintiff's PMSJ and once in the response, once in Defendant's MSJ and once in the response.

| | |
|---|---|
| 7-20-2023 | *[signature]* |
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |

4