# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Golden-Collum Memorial Federal Building & U.S. Courthouse
207 NW Second Street
Ocala, Florida 34475
(352) 369-4860

Elizabeth M. Warren                                Lisa Fannin
Clerk of Court                                       Division Manager

**DATE:** March 12, 2024

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit

**BLAKE ANDREW WARNER,**

      **Plaintiff,**

**v.**                                          **Case No: 8:22-cv-1977-MSS-SPF**

**HILLSBOROUGH COUNTY CLERK
OF COURTS**

      **Defendant.**

---

**U.S.C.A. Case No:**          **NEW APPEAL**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Mary S. Scriven, United States District Judge appealed from.

- Appeal filing fee was paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

                                ELIZABETH M. WARREN, CLERK

                                By:      s/H. Iovino, Deputy Clerk

APPEAL, TRLSET

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: <u>8:22–cv–01977–MSS–SPF</u>

Warner v. Hillsborough County Clerk of Courts                   Date Filed: 08/29/2022
Assigned to: Judge Mary S. Scriven                              Jury Demand: Plaintiff
Referred to: Magistrate Judge Sean P. Flynn                     Nature of Suit: 440 Civil Rights: Other
Cause: 42:1983 Civil Rights Act                                 Jurisdiction: Federal Question

**Plaintiff**

**Blake Andrew Warner**                    represented by   **Blake Andrew Warner**
                                                            2211 S Village Ave
                                                            33612
                                                            Tampa, FL 33612
                                                            212–542–0055
                                                            Email: <u>blake@null3d.com</u>
                                                            PRO SE

V.

**Defendant**

**Hillsborough County Clerk of Courts**    represented by   **Jason L. Margolin**
                                                            Akerman LLP – Tampa
                                                            401 E Jackson St Ste 1700
                                                            Tampa, FL 33602–5250
                                                            813.209.5009
                                                            Fax: 813.223.2837
                                                            Email: <u>jason.margolin@akerman.com</u>
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Patrick Sherman Brathwaite**
                                                            Brathwaite Law, PLLC
                                                            401 E Jackson St.
                                                            Suite 2340
                                                            Tampa, FL 33602
                                                            813–710–2722
                                                            Email: <u>patrick@brathlaw.com</u>
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Gregg Moran**
                                                            401 E. Jackson St.
                                                            Suite 1700
                                                            Tampa, FL 33602
                                                            813–223–7333
                                                            Fax: 813–223–2837
                                                            Email: <u>gregg.moran@akerman.com</u>

*ATTORNEY TO BE NOTICED*

**Mediator**

**Rochelle Friedman Walk**                 represented by   **Rochelle Friedman Walk**
*TERMINATED: 09/12/2023*                                   100 S. Ashley Dr. Ste. 620
                                                           Tampa, FL 33602
                                                           813−999−0199
                                                           Fax: 813−839−4896
                                                           Email: rochelle@walklawfirm.com
                                                           *TERMINATED: 09/12/2023*
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2022 | 1 | COMPLAINT against Hillsborough County Clerk of Courts with Jury Demand Filing fee $402.00, receipt number TPA−67151 filed by Blake A. Warner. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit Letter, # 3 Exhibit La Gazeta)(LSS) (Entered: 08/29/2022) |
| 08/29/2022 | 2 | SUMMONS issued as to Hillsborough County Clerk of Courts. (LSS) (Entered: 08/29/2022) |
| 08/29/2022 | 3 | MOTION for Miscellaneous Relief, specifically for permission to file electronically via cm/ecf by Blake A. Warner. (LSS) (Entered: 08/30/2022) |
| 08/30/2022 | 4 | RETURN of service executed on 08/29/2022 by Blake A. Warner as to Hillsborough County Clerk of Courts. (AG) (Entered: 08/30/2022) |
| 08/31/2022 | 5 | NOTICE of a related action per Local Rule 1.07(c) by Blake A. Warner. Related case(s): Yes. (AG) (Entered: 08/31/2022) |
| 08/31/2022 | 6 | CERTIFICATE of interested persons and corporate disclosure statement by Blake A. Warner. (AG) (Entered: 08/31/2022) |
| 09/03/2022 | 7 | NOTICE of Constitutional Challenge by Blake A. Warner. (Attachments: # 1 Exhibit)(AG) (Entered: 09/06/2022) |
| 09/19/2022 | 8 | **ORDER GRANTING 3 Plaintiff's Motion for Permission for Electronic Case Filing. Signed by Judge Mary S. Scriven on 9/19/2022. (APF)** (Entered: 09/19/2022) |
| 09/19/2022 | 9 | NOTICE of Appearance by Jason L. Margolin on behalf of Hillsborough County Clerk of Courts (Margolin, Jason) (Entered: 09/19/2022) |
| 09/19/2022 | 10 | CERTIFICATE of interested persons and corporate disclosure statement by Hillsborough County Clerk of Courts. (Margolin, Jason) (Entered: 09/19/2022) |
| 09/19/2022 | 11 | *Defendant's* ANSWER and affirmative defenses to 1 Complaint, by Hillsborough County Clerk of Courts. (Attachments: # 1 Exhibit 1−Demand Letter, # 2 Exhibit 2−Notice of Change of Address, # 3 Exhibit 3−Administrative Order S−2019−005)(Margolin, Jason) (Entered: 09/19/2022) |
| 09/30/2022 | 12 | Unopposed MOTION for Extension of Time to File Motion to Strike by Blake A. Warner. (Warner, Blake) (Entered: 09/30/2022) |

| 09/30/2022 | 13 | **ENDORSED ORDER GRANTING <u>12</u> Plaintiff's Unopposed Motion for Extension of Time. Plaintiff shall have up to and including October 24, 2022 to file a motion to strike affirmative defenses. Signed by Judge Mary S. Scriven on 9/30/2022. (APF)** (Entered: 09/30/2022) |
|---|---|---|
| 10/15/2022 | <u>14</u> | MOTION to Strike <u>11</u> Answer to Complaint, by Blake A. Warner. (Warner, Blake) (Entered: 10/15/2022) |
| 10/31/2022 | <u>15</u> | ***TERMINATED–COUNSEL CANNOT FILE ON BEHALF OF ANOTHER COUNSEL. COUNSEL TO REFILE WITH MATHCHNG SIGNATURE BLOCK AND CM/ECF LOGIN CREDENTIALS***RESPONSE to Motion re <u>14</u> MOTION to Strike <u>11</u> Answer to Complaint, filed by Hillsborough County Clerk of Courts. (Margolin, Jason) Modified on 11/1/2022 (LSS). (Entered: 10/31/2022) |
| 11/01/2022 | <u>16</u> | RESPONSE to Motion re <u>14</u> MOTION to Strike <u>11</u> Answer to Complaint, filed by Hillsborough County Clerk of Courts. (Brathwaite, Patrick) (Entered: 11/01/2022) |
| 11/14/2022 | 17 | **ENDORSED ORDER DENYING <u>14</u> Motion to Strike Affirmative Defenses. The Affirmative Defenses are sufficiently pled to permit Plaintiff to defend against the defenses. They are not shotgun or vague in nature, and they are adequately addressed to the relevant claims. Accordingly, the Motion to Strike is DENIED.Signed by Judge Mary S. Scriven on 11/14/2022. (Scriven, Mary)** (Entered: 11/14/2022) |
| 11/29/2022 | <u>18</u> | CASE MANAGEMENT REPORT. (Brathwaite, Patrick) (Entered: 11/29/2022) |
| 12/14/2022 | <u>19</u> | ***COUNSEL NOTIFIED TO REFILE USING CORRECT EVENT; MOTION*** of *Notice of Appearance of Counsel for Defendant and Substitution of Counsel Within Firm* Appearance by Gregg Moran on behalf of Hillsborough County Clerk of Courts (Moran, Gregg) Modified on 12/15/2022 (LD). (Entered: 12/14/2022) |
| 12/14/2022 | <u>20</u> | MOTION for Judgment on the Pleadings by Hillsborough County Clerk of Courts. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I)(Margolin, Jason) (Entered: 12/14/2022) |
| 12/15/2022 | <u>21</u> | Amended MOTION for Judgment on the Pleadings by Hillsborough County Clerk of Courts. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I)(Margolin, Jason) (Entered: 12/15/2022) |
| 12/16/2022 | 22 | **ENDORSED ORDER DENYING AS MOOT <u>20</u> Defendant's Motion for Judgment on the Pleadings. In light of the amended Motion, (Dkt. 21), the original filing is denied as moot. Signed by Judge Mary S. Scriven on 12/16/2022. (APF)** (Entered: 12/16/2022) |
| 12/16/2022 | <u>23</u> | RESPONSE in Opposition re <u>21</u> Amended MOTION for Judgment on the Pleadings filed by Blake A. Warner. (Attachments: # <u>1</u> Exhibit BOUTIQUE APARTMENTS LLC Registration, # <u>2</u> Exhibit Traffic Ticket, # <u>3</u> Exhibit Writ of Certiori)(Warner, Blake) (Entered: 12/16/2022) |
| 12/17/2022 | <u>24</u> | Supplement to <u>23</u> Response in Opposition to Motion, by Blake A. Warner. (Attachments: # <u>1</u> Exhibit Eviction Docket, # <u>2</u> Exhibit DE_46_REQUEST FOR HEARING, # <u>3</u> Exhibit DE_47_REQUEST FOR HEARING, # <u>4</u> Exhibit DE_48_REQUEST FOR HEARING, # <u>5</u> Exhibit DE_49_REQUEST FOR HEARING, # <u>6</u> Exhibit DE_57_ORDER, # <u>7</u> Exhibit DE_58_MOTION TO |

| | | COMPEL)(Warner, Blake) Modified on 12/19/2022 to edit event code and text. (LD). (Entered: 12/17/2022) |
|---|---|---|
| 12/19/2022 | 25 | NOTICE of Appearance by Gregg Moran on behalf of Hillsborough County Clerk of Courts (Moran, Gregg) (Entered: 12/19/2022) |
| 01/10/2023 | 26 | **CASE MANAGEMENT AND SCHEDULING ORDER: Pretrial statement due by 3/22/2024. Jury Trial set for the May 2024 Trial Term, which commences April 29, 2024, with a more precise trial date to follow. Conduct mediation hearing by 11/30/2023. Lead counsel to coordinate dates. Signed by Judge Mary S. Scriven on 1/10/2023. (CRB)** (Entered: 01/10/2023) |
| 01/16/2023 | 27 | MOTION for Issuance of Subpoena *for La Gaceta Deposition* by Blake A. Warner. (Warner, Blake) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 01/16/2023) |
| 01/30/2023 | 28 | NOTICE of mediation conference/hearing to be held on September 11, 2023 at 9:00 a.m. before Rochelle Friedman Walk. (Margolin, Jason) (Entered: 01/30/2023) |
| 03/28/2023 | 29 | Joint MOTION for Extension of Time to File trial brief and deposition designations *or in the alternative*, Joint MOTION for Clarification re 26 Case Management Scheduling Order, *re March 29, 2023 deadline for trial briefing and deposition designations* by Hillsborough County Clerk of Courts. (Margolin, Jason) (Entered: 03/28/2023) |
| 03/29/2023 | 30 | **ENDORSED ORDER GRANTING 29 the Parties' Joint Motion for Clarification or, in the Alternative, an Extension. The deadline for the Parties to file trial briefs and deposition transcripts with designations highlighted is MARCH 29, 2024. The prior date listed in the Case Management and Scheduling Order contained a scrivener's error. All other deadlines in the Case Management and Scheduling Order shall remain the same unless otherwise Ordered. Signed by Judge Mary S. Scriven on 3/29/2023. (APF)** (Entered: 03/29/2023) |
| 06/07/2023 | 31 | Unopposed MOTION to File Excess Pages *for Motion for Summary Judgment* by Blake Andrew Warner. (Warner, Blake) (Entered: 06/07/2023) |
| 06/08/2023 | 32 | **ENDORSED ORDER GRANTING 31 Plaintiff's Unopposed Motion for Leave to File a Motion in Excess of 25 Pages. Plaintiff shall be permitted to file a motion for summary judgment that does not exceed forty (40) pages in length, inclusive of all parts. Signed by Judge Mary S. Scriven on 6/8/2023. (APF)** (Entered: 06/08/2023) |
| 06/10/2023 | 33 | Verified MOTION for Partial Summary Judgment by Blake Andrew Warner. (Attachments: # 1 Exhibit 18–CC–022377 – Docket, # 2 Exhibit 18–CC–022377 DE 24 – Order Deposit Rent, # 3 Exhibit 18–CC–022377 DE 56 – Court Ticket, # 4 Exhibit 18–CC–022377 DE 77 – Warner Funds Letter, # 5 Exhibit 18–TR–129797 – Docket, # 6 Exhibit 18–TR–129797 – Notice Hearing, # 7 Exhibit 2020 United States Census Hillsborough, # 8 Affidavit Blake Warner, # 9 Exhibit Boutique Apartments LLC Registration, # 10 Exhibit Defendant Response First RFA, # 11 Exhibit Defendant Response First RFI, # 12 Exhibit E–file eviction service email, # 13 Exhibit E–file registration email, # 14 Exhibit Kelly Road Property Tax 2019, # 15 Exhibit Kelly Road Property Tax 2020, # 16 Exhibit La Gaceta July 9, 2021 Edition, # 17 Exhibit La Gaceta Dep. 1–30–23 Exhibits, # 18 Exhibit La Gaceta Dep. 1–30–23, # 19 Exhibit La Gaceta Dep. 9–8–18, # 20 Exhibit Warner 2013 Drivers License, # 21 Exhibit Warner 2021 Drivers License, # 22 Exhibit warner lease 06–21–18 to |

| | | |
|---|---|---|
| | | 05–20–19, # 23 Exhibit warner lease 05–17–19 to 04–30–20, # 24 Exhibit warner lease 05–01–20 to 04–30–21, # 25 Exhibit warner lease 05–01–21 to 04–30–22)(Warner, Blake) (Entered: 06/10/2023) |
| 06/10/2023 | 34 | SUPPLEMENT to 33 Verified MOTION for Partial Summary Judgment by Blake Andrew Warner. (Attachments: # 1 Exhibit Demand Letter, # 2 Exhibit Demand Letter Response)(Warner, Blake) Modified on 6/13/2023 (LD). (Entered: 06/10/2023) |
| 06/11/2023 | 35 | NOTICE by Blake Andrew Warner re 33 Verified MOTION for Partial Summary Judgment *of Constitutional Challenge* (Attachments: # 1 Exhibit Email Service Receipt)(Warner, Blake) (Entered: 06/11/2023) |
| 06/29/2023 | 36 | Joint STATEMENT of undisputed facts *for Cross Summary Judgment Motions* by Hillsborough County Clerk of Courts.. (Attachments: # 1 Exhibit A–Receipts for the two court registry deposits by Mr. Warner, # 2 Exhibit B–Mr. Warner's June 22, 2018 Notice of Change of Address, # 3 Exhibit C–Minutes from the October 9, 2018 hearing, # 4 Exhibit D–Letters from the Clerk's office regarding the court registry funds, # 5 Exhibit E–July 9.2021 La Gaceta Newspaper, # 6 Exhibit F–Transcript of the January 30, 2023 Depo of Patrick Manteiga, # 7 Exhibit G–La Gaceta mailing forms, # 8 Exhibit H–Mr. Warner's efile registration, # 9 Exhibit I–Mr. Warner's Demand Letter, # 10 Exhibit J–The Clerk's response to Mr. Warner's demand letter)(Margolin, Jason) Modified to edit docket text on 6/30/2023 (RLK). (Entered: 06/29/2023) |
| 06/30/2023 | 37 | MOTION for Summary Judgment by All Defendants. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Margolin, Jason) (Entered: 06/30/2023) |
| 07/01/2023 | 38 | RESPONSE in Opposition re 37 MOTION for Summary Judgment filed by Blake Andrew Warner. (Attachments: # 1 Exhibit A – Tiger King Amicus, # 2 Exhibit B – Clerk Pro Se Guide, # 3 Exhibit C – Declaration of Blake Warner)(Warner, Blake) (Entered: 07/01/2023) |
| 07/03/2023 | 39 | Unopposed Notice of Corrected Filing by Blake Andrew Warner re 33 Verified MOTION for Partial Summary Judgment (Attachments: # 1 Exhibit Corrected Verified Motion for Partial Summary Judgment)(Warner, Blake) Modified text on 7/5/2023 (JK). (Entered: 07/03/2023) |
| 07/10/2023 | 40 | NOTICE of supplemental authority re 33 Verified MOTION for Partial Summary Judgment by Blake Andrew Warner. (Attachments: # 1 Exhibit Cambell v Universal City Development Partners(11th Cir. 2023))(Warner, Blake) (Entered: 07/10/2023) |
| 07/10/2023 | 41 | RESPONSE to Motion re 33 Verified MOTION for Partial Summary Judgment filed by Hillsborough County Clerk of Courts. (Margolin, Jason) (Entered: 07/10/2023) |
| 07/17/2023 | 42 | REPLY to Response to Motion re 37 MOTION for Summary Judgment filed by Hillsborough County Clerk of Courts. (Margolin, Jason) (Entered: 07/17/2023) |
| 07/20/2023 | 43 | REPLY to Response to Motion re 33 Verified MOTION for Partial Summary Judgment filed by Blake Andrew Warner. (Attachments: # 1 Exhibit B – Clerk Pro Se Guide)(Warner, Blake) (Entered: 07/20/2023) |
| 08/03/2023 | 44 | **ORDER TAKING UNDER ADVISEMENT 21 Defendant's Amended Motion for Judgment on the Pleadings. The Motion will be addressed in conjunction with the fully–briefed summary judgment motions, and no action will be taken pending the Court's review of the additional case–dispositive briefing. Signed by Judge Mary S. Scriven on 8/3/2023. (APF)** (Entered: 08/03/2023) |

| 08/07/2023 | 45 | NOTICE of supplemental authority re 33 Verified MOTION for Partial Summary Judgment by Blake Andrew Warner. (Warner, Blake) Modified text on 8/7/2023 (JK). (Entered: 08/07/2023) |
|---|---|---|
| 09/12/2023 | 46 | MEDIATION report Hearing held on September 11 2023. Hearing outcome: Impasse. (Walk, Rochelle) (Entered: 09/12/2023) |
| 09/12/2023 | 47 | Entry Error (Entered: 09/12/2023) |
| 09/12/2023 | 48 | NOTICE of Lead Counsel Designation by Jason L. Margolin on behalf of Hillsborough County Clerk of Courts. Lead Counsel: Jason L. Margolin. (Margolin, Jason) (Entered: 09/12/2023) |
| 01/24/2024 | 49 | NOTICE of supplemental authority re 33 Verified MOTION for Partial Summary Judgment *Huls v. Llabona (11th Cir. 2011)* by Blake Andrew Warner. (Warner, Blake) (Entered: 01/24/2024) |
| 02/12/2024 | 50 | **ORDER on the Parties' Motions for Summary Judgment. Signed by Judge Mary S. Scriven on 2/12/2024. (AC)** (Entered: 02/12/2024) |
| 03/12/2024 | 51 | NOTICE OF APPEAL as to 50 Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment by Blake Andrew Warner. Filing fee $ 605, receipt number AFLMDC–21859051. (Warner, Blake) (Entered: 03/12/2024) |

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BLAKE ANDREW WARNER,**

     **Plaintiff,**

**v.**                                **Case No: 8:22-cv-01977-MSS-SPF**

**HILLSBOROUGH COUNTY CLERK
OF COURTS,**

     **Defendant.**

_____

### ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Verified Motion for Partial Summary Judgment, (Dkt. 33), Defendant's Motion for Summary Judgment, (Dkt. 37), and the Parties' Joint Statement of Undisputed Facts. (Dkt. 36) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## I.    BACKGROUND

On August 29, 2022, Plaintiff Blake Warner initiated this action against Defendant Hillsborough County Clerk of Courts. (Dkt. 1) In the Complaint, Plaintiff alleges that Defendant seized Plaintiff's property without due process, in violation of Florida Statutes, the Due Process Clause of the Fourteenth Amendment, and the Takings Clause. (Id. at ¶¶ 45, 48) In the alternative, Plaintiff claims that §§ 116.21 and 50.031, Fla. Stat. (2023), are unconstitutional. (Id. at 21) Plaintiff also asserts claims of defamation and breach of fiduciary duty against Defendant. (Id. at ¶¶ 51, 61)

Finally, Plaintiff asserts that Defendant threatened Plaintiff with criminal prosecution in its response to his demand letter and that this threat constitutes retaliation in violation of the First Amendment. (Id. at ¶ 66)

Plaintiff seeks a declaratory judgment that Defendant took Plaintiff's property without due process and in violation of the Takings Clause; a declaratory judgment that Fla. Stat. §§ 116.21 and 50.031 are unconstitutional; damages in the amount of the property allegedly taken, as well as nominal and punitive damages; and an award of attorney's fees, costs, and expenses. Plaintiff moved for summary judgment on Counts I, II, and V of the Complaint, which refer to Plaintiff's due process, takings, and First Amendment claims. (Dkt. 33) Defendant moved for summary judgment on all of Plaintiff's claims. (Dkt. 37)

The following facts are undisputed in this record for purposes of resolving the motions. Plaintiff was the defendant in an eviction action in Hillsborough County Court, Boutique Apartments LLC v. Warner, Case No. 18-cc-22377. (Dkt. 36 at ¶ 2) As a result of the litigation, Plaintiff deposited $3,600.00 into the court registry pursuant to Fla. Stat. § 83.60. (Id. at ¶ 3)

When the Boutique Apartments litigation began, Plaintiff's address, which appeared on his case filings, was 3012 W. DeLeon St., Apt. 23, Tampa, Florida. (Id. at ¶ 5) On June 22, 2018, Plaintiff moved to 502 S. Fremont Ave., Apt. 1322, Tampa, Florida. (Id. at ¶ 6) Accordingly, Plaintiff filed a notice of change of address in the Boutique Apartments litigation. (Id. at ¶ 7) Plaintiff never provided any further update of his address with the court in the Boutique Apartments litigation, (Id. at ¶ 8), even

though he moved to 3002 W. Cleveland St., Tampa, Florida, on May 17, 2019. (Dkt. 33-8 at ¶ 9)

On June 23, 2018, Plaintiff formally abandoned the apartment that was the subject of the Boutique Apartments litigation. (Dkt. 36 at ¶ 9) The Landlord, who was the plaintiff in the Boutique Apartments action, moved the county court to release the registry funds to it. (Id. at ¶ 10) At a hearing on October 9, 2018, the county court directed the landlord to submit a proposed order disbursing the registry funds to the landlord. (Id. at ¶ 12) After this hearing, the landlord and Plaintiff entered into an oral agreement. (Id. at ¶ 13) According to this agreement, Plaintiff would abandon counterclaims he had filed in the Boutique Apartments action, and the landlord would allow Plaintiff to claim the registry funds. (Id.) Neither the landlord nor Plaintiff ever filed any proposed orders seeking disbursement of the court registry funds. (Id. at ¶ 14) The county court never entered an order requiring the funds to be disbursed. (Id.)

Plaintiff maintained an e-file account on myfloridaaccess.com since April 28, 2018. (Id. at ¶ 21) This account contained an email address, a phone number, and Plaintiff's mother's mailing address. (Id. at ¶ 21, 22) Plaintiff received mail at his mother's address from 2017 to 2022. (Id. at ¶ 22) Defendant never electronically served Plaintiff at his e-mail address with any items during the Boutique Apartments litigation or thereafter. (Id. at ¶ 18) From February 24, 2020, to April 10, 2020, the court received thirteen returned mail notices for notices that it had mailed to Plaintiff at 502 S. Fremont Ave. (Id. at ¶ 15)

3

On June 12, 2020, the court dismissed the <u>Boutique Apartments</u> litigation for lack of prosecution. (<u>Id.</u> at ¶ 16) Eight months later, on February 18, 2021, Defendant mailed letters to the landlord and Plaintiff to notify them that funds remained in the court registry and that these funds would escheat to the state if they were not claimed. (<u>Id.</u> at ¶ 17) Defendant mailed this letter to 502 S. Fremont Ave. (<u>Id.</u>)

On July 9, 2021, <u>La Gaceta</u>, a newspaper, published a list of unclaimed court funds. (<u>Id.</u> at ¶ 19) This publication included the following entry: "BOUTIQUE APARTMENTS LLC, BROOKLYN FLATS VS WARNER, BLAKE 18-CC022377 05/24/2018 *717.113 $3,600." (<u>Dkt. 36-5 at 23</u>)

On September 1, 2021, after no response was received to its notices, Defendant deposited the funds from the <u>Boutique Apartments</u> litigation into the fine and forfeiture fund for public use. (<u>Dkt. 36 at</u> ¶ 20)

The record does not reflect how plaintiff learned of the forfeiture, but on July 29, 2022, Plaintiff emailed the attorneys for Defendant a written demand pursuant to § 772.11 of the Florida Statutes. (<u>Dkt. 36-9</u>) Section 772.11 creates a civil remedy for criminal theft. § 772.11, F<u>la. Stat. (2023)</u>. On August 26, 2022, Defendant's attorney responded. (<u>Dkt. 36-10</u>) In this response, Defendant's attorney stated, "[T]hreatening to accuse another of any crime or offense, including theft, with the intent to obtain money may constitute the crime of extortion. <u>See</u> <u>Fla. Stat. § 836.05</u>[.]" (<u>Id.</u>). Defendant's attorney quoted the statute's language in its entirety, then stated, "We trust it was not your intent to commit extortion." (<u>Id.</u>)

4

On August, 29, 2022, Plaintiff initiated this action under 42 U.S.C. § 1983 on the grounds that Defendant took his property without due process of law in violation of the Fourteenth Amendment and the Takings Clause. Additionally, Plaintiff alleges Defendant threatened to prosecute him for extortion and this threat constitutes retaliation in violation of the First Amendment. He also asserts state law claims of defamation and breach of fiduciary duty against Defendant.

## II.      STANDARD OF REVIEW

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356).  A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## III.   DISCUSSION

### a.   Count I – Due Process Clause: Adequate Notice and Hearing

Plaintiff contends Defendant took his property without due process of law in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment requires that a state provide notice and an opportunity for hearing before depriving a citizen of property. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). "Due process does not require that a property owner receive actual notice before the government may take his property." Jones v. Flowers, 547 U.S. 220, 226 (2006). Instead, notice must be "reasonably calculated, under all the circumstances," to apprise persons affected by an action and to afford them an opportunity to present their objections. Mullane, 339 U.S. at 314.

6

### i. Mailed Notice

This Court declines to hold that notice is sufficient when the government mails notice to a person at an address from which the government's previous mailings to that person were returned to the government undelivered. Here, Defendant received thirteen returned mail notices for notices that it had mailed to Plaintiff at 502 S. Fremont Ave. between February 24, 2020, and April 10, 2020. (Dkt. 36 at ¶ 15) Mailing a letter to Plaintiff at this address in 2021 was not reasonably calculated to apprise him of the registry funds' forfeiture because Defendant had reason to know Plaintiff no longer lived there. Defendant's mailed notice, under these circumstances, did not satisfy the requirements of due process.

Plaintiff argues that Defendant had a duty to search for an accurate address for Plaintiff. For example, Plaintiff notes that Defendant could have searched Plaintiff's name on its own website and would have discovered at least two actions to which Plaintiff was a party. (Dkt. 33 at 9) The address Plaintiff listed on these actions was his mother's address at which he received mail from 2017 to 2022. (Id.) The Supreme Court has dismissed these arguments in a similar case. In Jones v. Flowers, the plaintiff asserted that the State "should have searched for his new address in the . . . phonebook and other government records such as income tax rolls." 547 U.S. at 235–36. The Court concluded, "An open-ended search for a new address . . . imposes burdens on the State significantly greater than [other] relatively easy options[.]" Id. at 236 (noting that when the government's certified mail was returned "unclaimed," the government could have sent the notice to the same address via regular mail or posted the notice on

7

the front door at the same address). Accordingly, the Court dismisses Plaintiff's arguments that Defendant could have found his address by, for example, searching the clerk's website for other actions to which Plaintiff was a party. Nevertheless, Defendant fails to show that it is entitled to summary judgment on the issue of whether its mailed notice to Plaintiff satisfied the requirements of due process.

### ii.  Notice by Publication: <u>La Gaceta</u>

Notice by publication is appropriate "where it is not reasonably possible or practicable to give more adequate warning." <u>Mullane</u>, <u>339 U.S. at 317</u>–18 ("[W]e overrule appellant's constitutional objections to published notice insofar as they are urged on behalf of any beneficiaries whose . . . addresses are unknown to the trustee."). Sections 50.011(1) and 50.031, Florida Statutes (2023), list the current requirements for the publication of legal notices under Florida law. The version of § 50.011 effective when Defendant published the notice at issue in <u>La Gaceta</u> had different requirements than the current version. In 2021, these provisions stated that when a statute directs or permits publication of notice in a newspaper "in lieu of process," the newspaper must be published at least once a week, contain at least 25% of its words in English, hold a periodical permit from the post office within the relevant county, contain information of a public character or interest to the county residents, and have been in existence for at least one year prior to publishing legal notices. §§ 50.011 and 50.031, F<u>la. Stat.</u> <u>(</u>effective June 29, 1999, to Dec. 31, 2021).

In at least one case in this district, a judge confronted this issue and held publication in <u>La Gaceta</u> is constitutionally sufficient. <u>See Davis v. Hillsborough</u>

Cnty., Case No. 8:20-cv-1067, 2020 WL 7041762, at *5 (M.D. Fla. Dec. 1, 2020). Additionally, La Gaceta satisfied each of the statutory requirements in 2021. The exemplars the Parties provide suggest La Gaceta was published at least once a week in 2021.[1] (Dkt. 36-7) More than 25% of the exemplar La Gaceta publications the Parties provided was in English. (Dkt. 36-5) The exemplars the Parties provided indicate that La Gaceta held a periodical permit from the United States Postal Service in Hillsborough County.[2] (Dkt. 36-7) It published information of a public character or interest to Hillsborough County residents, such as solicitations from the Port of Tampa Bay for contractors' bids to maintain the Port's facilities, or a story about "Champa Bay" selling out the Amalie Arena for a Lightning game watch party. (Dkt. 36-7 at 12, 13) Finally, La Gaceta celebrated its 99th year of publication in 2021. (Id. at 2) At the point in time relevant to this inquiry (i.e., the date Defendant published its notice regarding the forfeiture of Plaintiff's funds), La Gaceta satisfied the statutory requirements for publications of legal notice. Accordingly, the Court finds as a matter of law that publication in La Gaceta was constitutionally sufficient to provide due process in 2021.

This Court finds that Plaintiff received notice of the funds' potential forfeiture via Defendant's publication of notice in La Gaceta. Therefore, Plaintiff's property was

---

[1] The Parties stipulate to the authenticity of four postal service mailing forms, Postal Service Form 3541, completed with information about La Gaceta's periodical mailing. These forms are attached to the Parties' Joint Statement of Undisputed Facts. (Dkt. 36-7)
[2] The Court takes judicial notice of the zip code for the "Post Office of Permit" as falling within Hillsborough County. (Dkt. 36-7) See Fed. R. Evid. 201(b)(2).

not forfeited to the state without notice, the only basis for the due process challenge. Accordingly, summary judgment for Defendant is appropriate on Count I of the Complaint.

### b. Count II – Takings Clause: Escrow Fund

Plaintiff's claim that the state's escheatment of the registry funds violates the Takings Clause fails as a matter of law. The Supreme Court has consistently upheld statutory schemes providing for the escheatment of abandoned or unclaimed property. Texaco, Inc. v. Short, 454 U.S. 516, 530 (1982). In Texaco, Inc., the Supreme Court reasoned,

> In ruling that private property may be deemed to be abandoned and to lapse upon the failure of its owner to take reasonable actions imposed by law, this Court has never required the State to compensate the owner for the consequences of his own neglect . . . . It is the owner's failure to make any use of the property—and not the action of the State—that causes the lapse of the property right; there is no "taking" that requires compensation. The requirement that an owner of a property interest . . . must come forward and file a current statement of claim is not itself a "taking."

Id.; see also Bennis v. Michigan, 516 U.S. 442, 452 (1996) (holding, in a case of statutory forfeiture in a criminal action, that the "government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain"); Standard Oil Co. v. New Jersey, 341 U.S. 428, 435–36 (1951) ("As a broad principle of jurisprudence . . . , it is clear that a state, subject to constitutional limitations, may use its legislative power to dispose of property within its reach, belonging to unknown persons.").

Florida Statutes §§ 116.21 and 717.113 authorize the forfeiture of unclaimed property in the state's lawful possession. In actions by Florida landlords for possession of a dwelling unit, a tenant must pay into the court registry the accrued rent as alleged in the complaint and the rent that accrues during the proceeding's pendency as it comes due. § 83.60(2), Fla. Stat. (2023). "All intangible property held for the owner by any court . . . that has not been claimed by the owner for more than 1 year after it became payable or distributable is presumed unclaimed." Id. at § 717.113.

Section 116.21 directs the clerk of a county to prepare a list of all unclaimed funds deposited with the court each year. Id. at § 116.21(2).

> Such list or compilation shall be published . . . during . . . July in a newspaper of general circulation in the county . . . , and the notice shall specify that unless such moneys are claimed [by] September 1 . . . that same shall be declared forfeited to such county.

Id. Persons claiming an interest in funds held by the clerk of court may file a written claim with the sheriff or clerk on or before September 1. Id. at § 116.21(3). Upon providing sufficient proof of his interest in the funds, the person "shall be entitled to receive any part of the moneys so claimed." Id.

"Any unclaimed court-related funds collected or deposited by the clerk which remain unclaimed must be deposited into the fine and forfeiture fund established under s. 142.01." Id. at § 116.21(1). Section 142.01 requires the clerk of the circuit court in each county to create the fine and forfeiture fund. Id. at § 142.01. The fund consists of "revenues received by the clerk as revenue authorized by law to be retained by the clerk," among other things. Id. at § 142.01(1)(g). Since § 83.60(2) authorizes the clerk

11

to retain tenants' payment of rent into the court registry, these payments are "revenues" under § 142.01(1)(g).

The Florida Statutes mandate the forfeiture of unclaimed funds lawfully in the state's possession "upon the failure of its owner to take reasonable actions imposed by law," namely, filing a timely written claim with the sheriff or clerk of court. Texaco Inc., 454 U.S. at 530. These provisions create a statutory scheme providing for the forfeiture of unclaimed property in the state's lawful possession. Accordingly, the escheatment of unclaimed funds pursuant to Florida Statutes does not constitute a taking requiring just compensation. Therefore, Defendant is entitled to summary judgment on Count II of the Complaint.

### c. Count III – Breach of Fiduciary Duty: Embezzlement

Plaintiff next claims that Defendant breached a fiduciary duty it owed Plaintiff with respect to the funds in the court registry. This claim fails because no relationship exists between Plaintiff and Defendant other than as dictated by statute. The relationship between Plaintiff and Defendant regarding the funds Plaintiff deposited in the court registry is not a contractual relationship. Unlike common law fiduciaries' obligations, the Defendant's obligations to Plaintiff related to court deposits are dictated by the Florida Statutes, not by common law.

Defendant breached no duty to Plaintiff because Defendant complied with the statutory requirements related to the funds. Plaintiff's accrued rent deposits went unclaimed for nearly three years before they were forfeited according to § 116.21. Notably, under § 717.113, property that has not been claimed by an owner for more

than one year after it became distributable is presumed unclaimed. § 717.113, Fla. Stat. (2023). Thus, Plaintiff's funds were presumed unclaimed as early as October 9, 2020. Indeed, the statutes required Defendant to deposit the funds into the fine and forfeiture fund because they were unclaimed. Id. at § 116.21(1).

Defendant complied with the statute directing it to publish a list of unclaimed property in a newspaper. Under § 116.21(2), Defendant "may . . . make and compile a list of any or all unclaimed moneys which came into their hands as provided in subsection (1)." Id. at § 116.21(2). The list "shall be published one time during . . . July in a newspaper of general circulation . . . , and the notice shall specify that unless such moneys are claimed on or before September 1 after such publication that same shall be declared forfeited to such county." Id. Defendant published its list and notice of forfeiture in La Gaceta on July 9, 2021. (Dkt. 36 at ¶ 19)

On September 1, 2021, Defendant was required by law to pay the unclaimed funds into the fine and forfeiture fund, as required by § 116.21(1). "Any unclaimed court-related funds collected or deposited by the clerk which remain unclaimed **must be deposited** into the fine and forfeiture fund established under s. 142.01." Id. at § 116.21(1)(emphasis added). Section 116.21(4) states that upon payment into the fine and forfeiture fund, the clerk "shall be released and discharged from any and all further responsibility or liability in connection therewith." Id. at 116.21(4). Consequently, Defendant's obligations to Plaintiff regarding the funds terminated on September 1, 2021, and Defendant is entitled to summary judgment on Count III of the Complaint.

### d. Count IV – Defamation Per Se: Extortion

Next, Plaintiff claims that Defendant committed defamation when Defendant's attorney stated in response to Plaintiff's demand letter that the demand may constitute extortion. Under Florida law, the elements of defamation are: (1) publication, (2) falsity, (3) negligence as to the falsity on a matter concerning a private person, (4) actual damages, and (5) the statement must be defamatory. Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008). The publication element "requires that the allegedly defamatory statement be communicated to one other than the person defamed." Shafran v. Parrish, 787 So. 2d 177, 179 (Fla. 2d DCA 2001).

Here, Defendant's allegedly defamatory statement, that Plaintiff committed extortion, was never published to a person other than Plaintiff. The statement is contained in Defendant's attorney's response to Plaintiff's demand letter. (Dkt. 36-10) This letter was only sent to Plaintiff. (Id.) Nonetheless, Plaintiff alleges that the publication element of defamation is satisfied because Defendant's attorney published the statement to another attorney and a paralegal who work in the same law firm.

The Court notes that Defendant's attorney cannot be liable for defamation for publishing an allegedly defamatory statement to another attorney and a paralegal within the same firm under Florida law. "A communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable[.]" Nodar v. Galbreath, 462 So. 2d 803, 809 (Fla. 1984). In Hock v. Loren, 273 So. 3d 56, 58–59

14

(Fla. 4th DCA 2019), the court held where an attorney makes a statement to his or her client as part of the attorney-client relationship, there is no publication to a third party. The court noted the client is the principal, and the attorney is the agent. Id. at 58. When an attorney speaks to his client as part of the attorney-client relationship, their interests are so unified the communication is "tantamount to the principal 'talking to itself.'" Id. at 59 (quoting Am. Airlines, Inc. v. Geddes, 960 So. 2d 830, 833 (Fla. 3d DCA 2007). Additionally, courts have held that communications by a corporation's agents, such as private investigators, to the corporation's management personnel do not satisfy the publication element. See Lopez v. Ingram Micro, Inc., No. 95–2004–CIV, 1997 WL 401585, at *6 (S.D. Fla. Mar. 18, 1997). The Court also finds persuasive that under Florida law, "privileged persons" protected by the attorney-client privilege include "the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A., 519 F.Supp.3d 1184, 1197 (S.D. Fla. Feb. 11, 2021) (citations and internal quotations omitted).

In this case, Plaintiff alleges that Defendant's attorney published a statement to two of his colleagues. The attorney's publication to another lawyer and a paralegal within the same firm facilitated the firm's legal representation of Defendant. The attorney made the statement "on a subject matter in reference to which he had a duty," namely, the firm's representation of Defendant. Nodar, 462 So. 2d at 809. The attorney made the statement to persons "having a corresponding interest or duty," another attorney and a paralegal within the same firm, presumably also taking part in

15

Defendant's representation. Id. Just as there is no publication when an attorney makes a statement to his or her client as part of the attorney-client relationship, Hock, 273 So. 3d at 58–59, there is no publication when an attorney makes a statement to other attorneys within the same firm or "any of their agents that help facilitate attorney-client communications or the legal representation." Diamond Resorts, 519 F.Supp.3d at 1197. Plaintiff cannot show that the publication element of defamation is satisfied. Plaintiff's claim for defamation fails. Accordingly, summary judgment for Defendant is appropriate on this basis on Count IV of the Complaint.

Additionally, Plaintiff cannot satisfy the elements of a defamation claim Defendant because Plaintiff does not allege that Defendant ever made a statement. Instead, Plaintiff alleges that Defendant's attorney made a defamatory statement. (Id. at ¶¶ 59–61) Since Defendant's attorney is not named as a defendant in this action, Plaintiff's defamation claim fails. Even if Plaintiff contended that Defendant is liable for the attorney's actions because Defendant ratified or adopted the attorney's statement, Plaintiff cannot show that the statement was published to a person other than Plaintiff under Florida law. For these reasons, Defendant is entitled to summary judgment on Count IV of the Complaint.

### e. Count V – First Amendment Retaliation: Extortion

Finally, Plaintiff alleges Defendant's attorney's statement about extortion in response to Plaintiff's demand letter was a threat of criminal prosecution. Plaintiff argues this threat was in retaliation for Plaintiff's exercise of his First Amendment rights. The First Amendment provides that "Congress shall make no law . . . abridging

16

the freedom of speech, or . . . the right . . . to petition the government for a redress of grievances." U.S. Const. Amend. I. "The Amendment protects 'not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right.'" DeMartini v. Town of Gulf Stream, 942 F.3d 1277, 1288 (11th Cir. 2019) (quoting Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000)). To establish a claim of First Amendment retaliation, a plaintiff must show: (1) that his speech was constitutionally protected; (2) that the plaintiff suffered adverse action that would likely deter a person of ordinary firmness from engaging in such speech; and (3) a causal relationship exists between the protected speech and the adverse action. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). The parties do not dispute the contents of Plaintiff's email and Defendant's response. Therefore, no genuine issue of material fact exists as to Plaintiff's First Amendment retaliation claim. The question is one of law.

The Court finds that Plaintiff suffered no adverse action; therefore, the Court need not decide whether the first or third elements of Plaintiff's First Amendment retaliation claim are satisfied. Plaintiff asserts that he decided not to pursue his civil theft claim against Defendant because Defendant's attorney threatened him with criminal prosecution for extortion. He argues that this intimidation and the loss of his potential civil theft claim against Defendant constitutes adverse action in the First Amendment retaliation context.

Plaintiff's decision to drop his civil theft suit in response to his legitimate fear that he would not succeed or that he may be guilty of extortion does not support a

finding that Plaintiff suffered any adverse action at Defendant's hands. Plaintiff's threatened civil theft suit was meritless. See § 772.11, Fla. Stat. (2023)(requiring a plaintiff to establish by clear and convincing evidence a violation of criminal theft statutes to succeed on a claim of civil theft). Because the Court finds that Plaintiff had offered no evidence by which to establish at all, and certainly not by clear and convincing evidence, that the Defendant committed civil theft, Plaintiff's decision to dismiss his civil theft claim did not cause him to suffer an adverse action.

Thus, Plaintiff cannot establish all the elements of a First Amendment retaliation claim. Accordingly, summary judgment for Defendant is appropriate on Count V of the Complaint.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Verified Motion for Partial Summary Judgment, (Dkt. 33), is **DENIED**.

2. Defendant's Motion for Summary Judgment, (Dkt. 37), is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of February 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

18

# United States District Court

## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BLAKE WARNER

v.

HILLSBOROUGH COUNTY
CLERK OF COURTS

Case Number 8:22-CV-1977

## NOTICE OF APPEAL TO
## THE ELEVENTH CIRCUIT COURT OF APPEALS

Plaintiff, Blake Warner, hereby appeals to the United States Court of Appeal for the Eleventh Circuit from this Court's Order dated February 12, 2024 (Doc. 50).

1

3-12-2024
_____

Date

_____

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM

2